IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS )
    Plaintiff )
                )   No. 1: CV 01-0247
Vs. )   (To be supplied by Clerk)
                )
ROBERT MYERS )
MARTIN L. DRAGOVICH )
HARVEY BELL )
MARTIN F. HORN )
    DEFENDANTS )

FILED SCRANTON
FEB 07 2001
PER ___ /s/ ___
DEPUTY CLERK

MOTION FOR RELIEF UNDER RULE 60(b)

To; The Honorable Clerk, and Judges of this Honorable Court;
COMES NOW: Plaintiff, and prays for relief under rule 60(b) or as appropriate, as follows

1. Plaintiff notes on cover sheet, a notation, that "Only three pages of attachments" will be allowed. Plaintiff prays for relief from that, as follows;

2. The enclosed complaint covers a two year pattern of abuse and harassment of plaintiff, by four defendants, in two institutions, and very simply the facts of this matter, exceed "three pages" to be adequately explained, in thier Constitutional entirety.

3. Prisoners have a right to access Courts, and moreso that right encompasses access that is meaningful and effective. BOUNDS V. SMITH 430 U.S. 817 to limit plaintiff to the said three pages, would unconstitutionally deprive him of that right, and render his complaint, ineffectual.

4. Plaintiff is in imminent risk of serious injury within this Com.

WHEREFORE: Plaintiff prays, to be relieved from said notation on cover sheet, limiting a complaint to three pages of attachments, and that the clerk either file this complaint as is, or the Court, kindly ORDER clerk, to file complaint as is, which complaint has 16 tot. pages, and 11 pages of attachments as needed to adequately explain this matter, which matter covers a two year period of Unconstitutional abuse, and pattern of harassment by plaintiff, by four defendants. w/memo of law  Respectfully Submitted;

Submitted Under penalty of perjury
and signed in accord with FRCP Rule 11;
                                      Derrick R. Coombs #CT1800
                                      Box 200 Camp Hill Pa.
                                      17001-0200

See also FRCP Rule 5(e) Clerk shall not, refuse to file papers because of form...)
It is fundamental that a prisoners right to access courts for purposes of presenting their complaints may not be denied or abridged MORELLO V. JAMES 810 F.2d 344

# FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

## COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** \_\_\_\_\_

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.** ✓

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK COOMBS   #CT1800
(Inmate Number)

DERRICK R. COOMBS
(Name of Plaintiff)

(Case Number)

BOX 200 Camp Hill Pa. 17001-0200
(Address of Plaintiff)

COMPLAINT

vs.

ROBERT W. MYERS, MARTIN L. DRAGOVICH

HARVEY BELL, MARTIN F. HORN

(Names of Defendants)

TO BE FILED UNDER: __XX__ 42 U.S.C. § 1983 - STATE OFFICIALS   AND DIVERSITY OF CITIZENSHIP

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Coombs V. Walker, et.al. 1995, Judge Rambo, #Unk.

Coombs V. Patton Twsp. Police, 1995, Judge Rambo, #Unk. (Believe it was Treated as habeas)

Coombs V. Blumenthal et.al. #3:98CV2299, 1999, (Connecticut case)

1995-96
Possibly one more in M.D. here not sure? They have taken some of my paperwork over the years. I believe it was against Judge Rambo + Request her recusal for that reason.

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?
__xx__Yes  __xx__No   This depends on whether they file or reject a grievance. If grievance is rejected, procedure is unavailable.

B. Have you filed a grievance concerning the facts relating to this complaint?
__xxx__Yes  _____No   All issues grieved, have been stated as such, in complaint. Have filed numerous grievances, have all records.

If your answer is no, explain why not   Issue of refusing to allow me to represent myself, was aborted by prison who turned it into misconduct issue to defeat grievance I filed. This was appealed, and later grieved again. See complaint.

C. Is the grievance process completed?   XX Yes   ___No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant ROBERT W. MYERS is employed as SUPERINTENDENT at ROCKVIEW CORR. INST. BELLEFONTE PA.

B. Additional defendants MARTIN L. DRAGOVICH IS EMPLYED AS SUPERINTENDANAT AT CAMP HILL CORR. INST. HARVEY BELL, IS EMPLOYED AS DOC PARDONS CASE SPECIAL- IST, AT CAMP HILL DOC MAIN OFFICE. MARTINE F. HORN IS EMPLOYED AS HEAD SECRETARY, OF PA. DEPT. OF CORRECTIONS, CAMP HILL DOC MAIN OFFICE.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. SEE ATTACHED

2.

3.

V.  Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite cases or statutes.)

1.  SEE ATTACHED COMPLAINT AT : RELIEF

2.

3.

Signed this _Fourth_ day of _February 2001_, ~~19~~__.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_February Foueth 2001_  _____
(Date)                   (Signature of Plaintiff)

3

STATEMENT OF CLAIM:

### COUNT I. SERIOUS BODILY INJURY AS RESULT OF VIOLATION OF CONST. RIGHTS:
(from Western Dist.Pa.)

1. Plaintiff was transferred to SCI Rockview, without required Federal Court Order, while he had writ/appeal pending, in violation of FRAP Rule 23(a) his grievances and requests about this were ignored and he was detained there thereafter, at all times by defendant Myers, who while purporting to act, and acting under color of state law, had no personal jurisdiction over plaintiff, who was there illegally.(said transfer was retaliation for court access).

2. Plaintiff who is not sentenced to labor, was forced by said Myers and his subordinates to perform involuntary servitude, under threat of punishment, Plaintiff was not given any safety trainig, or protective gear, and on February eighth, 1999, Plaintiff as direct result of such forced involunatary servitude, imposed upon him, when he was being held without lawful authority, did suffer severe and serious bodily injury, in the form of extreme rupture, that has left plaintiff incapacitated, and at documented risk of death from such injury.

3. Plaintiff filed prison grievance, requesting one hundred thousand dollars in damages, and for state to process a pardon, in that plaintiff is now Unconstitutionally twice in jeopardy of life or limb. Plaintiff is not sentenced to death, or life in prison, and can just as well die from surgery, as he can from the injury itself. Plaintiff will not be compelled to go risk his life, to repair injury caused him by Unconstitutional state abuse, and be forced to serve sentence also. Plaintiffs grievances about this were ignored/denied, and thoroughly appealed throughout. Plaintiff was asked to sign releases of liability forms and refused.

4. Plaintiff filed State Habeas Corpus, and Def. Myers did vindictively and maliciously have his subordinates "Order" plaintiff to "go risk his life for surgery" in direct retaliation for plaintiff exercising his right to access courts, and Executive Branches, in that Plaintiff had also requested to be transferred to his home state he was illegally extradited from, and Conn. Governor had had Connecticut DOC contact said Myers, to inquire about interstate corrections compact transfer. Def. Myers, in conversation with plaintiff, told plaintiff he would try to arrange this. Then had his subordinates attempt to "Order" plaintiff to go risk his life for surgery instead. Plaintiff fears actors of this Commonwealth.

5. Plaintiff did refuse this illegal Order, and was written up, and taken to disciplinary segregation, and taken to Camp Hill Prison against his will by Myers subordinates.
   PLaintiff's writ, in County Court was still pending, and said Myers had no authority to transfer plaintiff n this fashion, but did so anyway, in deliberate indifference to plaintiffs Constitutional rights. Plaintiff was asked to sign release of liability and refused.

6. PLaintiff informed SCI Camp Hill, he was unconstitutionally twice in jeopardy of life or limb, and was seeking pardon and/or judicial remedy, and would not risk his life within this state, to be cut open, due to persistent pattern of State and County abuse that has left plaintiff in fear for his life, from the actors of this State.
   Plaintiff discovered Defendant Myers had conspired with his subordinates, to attempt to have plaintiff transferred from Camp Hill, to Somerset and deprive him of all his legal material, which had remained at SCI Rockview, in said Myers care. This was stopped, and Plaintiff returned to SCI Rockview, and care of said defendant Myers.

7. Defendant Myers then had his subordinates place plaintiff in disciplinary custody, for refusing to go risk his life, to repair injury cause him, by DOC and defendants abuse.

8. At all times defendant Myers was deliberately indifferent to plaintiffs claims of violation of his constitutional rights, and fear for his life, and requests for pardon.

9. Plaintiff had just been given "minimum custody honor status", Myers subordinates revoked this, and raised plaintiff to "maximum custody status, for no justifiable reason, and on Aug. 25th, 1999, transferred plaintiff permanantly to SCI Camp Hill, and charged him forty two dollars, to ship his property. In retaliation for plaintiff seeking Judicial or legislative


(4)

remedy, to this injured condition, violation of his Constitutional rights by Actor Myers. And relief from cruel and inhuman conditions of confinement by said Def. Myers.

COUNT I. PART TWO: SUPPLEMENT VIOLATION OF FIRST AMENDMENT RIGHTS AND FRAUD:

9(a) Plaintiff had called his family, in Conn. from SCI Rockview, and asked them to please contact the U.S. Justice Dept. and file complaint in plaintiffs behalf. Plaintiff did inform his family he would call them back in a couple days. When plaintiff went to call back, he was told by prison automated phone,"his call could not be completed as dialed"
  Plaintiff grieved this, and was fraudulently told by Rockview Security that;"his family blocked the phone off". Plaintiff was allowed to call his family, from Counselors office, and was told there was NO block on the telephone. Plaintiff grieved this, and was then fraud-ulently told "The phone company blocked it off." This also was false, in that plaintiff was able to call freely from SCI Camp Hill, when sent there, and there was no block... on the phone.

9(b) Defendant Myers, individually and through his subordinates did conspire to commit wire fraud and illegally block off plaintiffs home phone, with intent to obstruct justice and harass plaintiff deprive him of Constitutional right to have complaint made, and cause plaintiff unjust and needless pain and suffering, in deliberate indifference to plaintiffs Constituional rights, life, health, safety, and welfare, and did obstruct justice with intent to possibly cause plaintiff's wrongful death.
  Plaintiff's grievances about this were ignored, and grievance process was exhausted, and at all times the "findings of the institution were upheld."

COUNT I. PART THREE: SUPPLEMENT:

PERSISTENT PATTERN OF RACKETEERING ACTIVITY VIOLATION OF R.I.C.O. ACT:

9(c) The actions of Actors Myers, Dragovich, Bell, and Horn combined establish a clear and persisiten pattern of mail, and wire fraud, and obstruction of justice, more than two acts occurring within a ten year period, this has established a pattern of RICO activity on behalf of Defendants and said Horns Dept. of Corrections, which is an enterprise engaged in interstate commerce, as is illegally shutting off my phone, as stated above is an act affecting interstate commerce.
  Defendants pattern of Racketeering activity, will be borne out at trial, and are set forth, throughout this complaint.
  Said acts of Racketeering activity, all committed with intent to obstruct justice, and deprive plaintiff of rights secured under U.S. Constitution.

COUNT I. PART FOUR: SUPPLEMENT:
DENIAL OF ACCESS TO COURTS:  *[Last year - see f†nte *]*

9(d) It has just been learned that petitioners State Habeas Petition was denied by Co. Court. The docket entries show these(orders) were given to Rockview prison. In corrupt eff-ort to deprive plaintiff of right to access Courts plaintiff was never given any such ORDERS of the co. Court at Rockview prison and defendant Myers did maliciously withhold these from plaintiff, with intent to obstruct justice, and deprive plaintiff of right to appeal, and access courts, regarding both his injury, and illegal imprisonment. The record shows, said Myers was given copies of these Orders, but I never rec. any from Rockview, in direct viola-tion of my first, fourth, sixth, and fourteenth amendment rights.(Const. Rights)
  I have suffered injury, in that I now must fight Court battle trying to establish that I never rec. any such Orders from Rockview or Def. Myers, and may lose appeal rights, and must endure pain, suffering, mental anguish and emotional distress, and try to establish this fraud, and deprivation of curt access, to protect my appeal rights, when I am indigent and injured here.
  Said Myers with deliberate indifference to my Const. rights, life, health, safety, and welfare did corruptly deprive me of these Orders, with intent to cause my continuing injury pain, suffering, and possibly my wrongful death in wanton disregard for my rights.

*upon rec. docket entries last month*

(5)

*\*This was just learned last month and is too remote in time to grieve per prison grievun + grievance court Fix This.*

## COUNT II. STATES REFUSAL TO PROCESS PARDON
### CRUEL AND INHUMAN PUNISHMENT VIOLATION OF RIGHT NOT TO BE TWICE PLACED IN JEOPARDY

10. Defendant Harvey Bell is State Actor, and pardons case specialist for Pa. DOC. Plaintiff was, as stated transferred to SCI Camp Hill, who also does not have Federal Court Order for his confinement, in ongoing furtherance of def. Myers unlawful custody of plaintiff. Your plaintiff did meet with said defendant Harvey Bell, on Aprox Dec. 7th-8th, 1999 and requested pardon be processed due to plaintiffs serious injury and being at documented risk of death here,

due to unconstitutional state abuse, and that such pardon be processed at full state expense as such injury was directly caused by State. Defendant Bell, did refuse to do this, or argue against State, telling me,"oh we wont raise that" but told me I should apply for pardon under my actual innocence. Plaintiff has no remedy at law, against said Bell, who would represent plaintiff in any pardons process.

Defendant Bell is deliberately indifferent to plaintiffs serious injury, and medical needs and very life, and is depriving plaintiff of access to executive remedy and jeopardizing your plaintiffs life, health, safety and welfare, has, and is causing plaintiff unjust and protracted pain, suffering and mental anguish, and emotional distress and allowing plaintiff to remain, in a state of cruel and inhuman confinement and remain twice in jeopardy of life or limb, and is ignoring not only plaintiffs injury but the fact that plaintiff is now, and was confined, without authority, in violation of FRAP Rule 23(a) Federal Law.

In criminal conspiracy with DOC, he refuses to argue against them in this matter.

And is depriving plaintiff of his constitutional right to seek pardon and subjecting him to cruel and inhuman confinement, and deliberate pain and suffering.

While plaintiff is left to suffer in a cell, with his guts hanging out in pain.

Plaintiff has no remedy at law, against said Harvey Bell, and remains confined here, at documented risk of death, suffering.

11. ### COUNT III. - DEFENDANT DRAGOVICH
### VIOLATION OF CONSTITUTIONAL RIGHT TO REPRESENT SELF, ACCESS COURTS/OBTAIN JUDICIAL OR LEGISLATIVE REMEDY, DEPRIVATION OF CONST. RIGHTS UNDER COLOR OF STATE LAW AND RETALIATION FOR EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS

Plaintiff is Unconstitutionally denied counsel by the Com. of Pa. and forced to represent himself. Plaintiff was forced to represent himself on direct appeal and is counsel of record.

12. In effort to secure evidence helpful and needed to prove complete innocence to pursue full pardon or judicial remedy plaintiff had his minister go try to talk to some potential witnesses who are aware of perjury used to illegally imprison plaintiff and convict him.

13. Plaintiff was called to security by Def. Dragovich's subordinates and ordered to "Tell that minister to back off!" and "hire a private investigator"(when plaintiff is indigent) I returned to my cell and filed grievance against security officer Robinson, who had attempted to intimidate me out of and deprive me of my fist and sixth amendment rights in this manner.

Grievance co-oridinator did refuse to process this grievance but did make a copy of it, and sent copy to security whom I was grieving. I was promptly caled back to security and given a "class one misconduct" for "refusing to obey an Order" that was allegedly given to me at Rockview, not to WRITE these potential witnesses. I was never given any such Order at Rock-view. I was given one once, and it was OVERRULED by Major of the Guard, after I grieved it
* because Rockview could not even tell me a name of exactly who, I "wasnt supposed to write".

Investigation by way of this grievance revealed the only person who had complianed was the Co. Prosecutor, who has NO authority, to enlist aid of prison to obstruct truth and justice. Said "order" was overruled by major, and I was told, if, and when a formal written complaint ever came from the actual parties, I would be given a proper order, shown the complaint, and have to sign proper paperwork. I was never given any such "order" nor, ever signed any form(as is required by statewide DOC policy to be signed when any such order is ever given.

*(Rockview unit manager had tried to order me this, and threatened me, when I told him Major had overruled him.)

(6)

14. Plaintiff informed these actors of this, and that he is his own counsel of record, and is acting within his Constitutional rights, and was still issued class one "misconduct".

15. Plaintiff returned to his cell, and wrote the parties involved, (potential witnesses) and was then TWO WEEKS LATER, removed from his cell, by prison security, and placed in disciplinary custody, without any hearing, and it was learned that these actors had prepared some fictitious and illegitimate paperwork, from Rockview that contains a blatant forgery of Def. Myers signature on one, and is unsigned on the other. This paperwork is a fraud.

16. Plaintiff again argued he was his own (forced) counsel of record, and has absolute Const. right to contact witnesses, seek evidence, and represent himself, and that these actors were violating his Constitutional and civil rights, and jeopardizing his life, health safety and welfare. This was ignored and plaintiff was given "thirty days disciplinary custody" and put in the "hole"

17. Plaintiff appealed this unlawful and unconstitutional "misconduct" and obstruction of his rights, throughout entire appeal process. Plaintiff asked for removal of any such "Order" for epungement of any such "misconduct" from his prison record, and 100,000.00$ in damages, to see state and federal officials, and to file criminal charges for official oppression, and obstruction of justice, and criminal conspiracy of DOC, and actors Dragovich and Myers, with said perjurers, to obstruct justice, and conceal felony crimes committed against plaintiff.

18. In complete indifference to plaintiffs right to seek truth, and justice and acces courts and/or legislative bodies with vital evidence, these actors have, at all times ignored my serious medical needs and statutory time limits in which to seek and present this evidence and continue to obstruct justice, violate plaintiffs rights and hold him a state of pain and suffering, at documented risk of death, or irreparable bodily injury, in cruel an inhuman punishment, and deliberate indifference to plaintiffs life, and right not to be deprived of his life, or liberty, without due process or, equal protection of law.

Said State actor, Def. Dragovich, to this day continues to violate my constitutional rights, and obstruct plaintiff from seeking needed truth, and evidence under threat of punishment and retalaition if plaintiff tries. He has even forbid plaintiff to serve these potential witnesses LEGAL papers, for civil suit against them, and is obstructing justice, and deprivng plaintiff of basic, and fundamental rights under U.S. Constitution, while acting under color of State law, jeopardizing plaintiffs life, and conspiring with private parties, to conceal evidence of their felony crimes, committed to wrongfully imprison plaintiff.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
COUNT IV. VIOLATION OF RELIGIOUS FREEDOM: FIRST AMENDMENT

19. Said State Actor Dragovich, while acting under color of state law, did send a letter to plaintiffs minister, telling him, "he is not to help me in this fashion". He has no authority to do this, whatsoever, and did violate plaintiffs right to religious freedom, under Biblical command of "Thou shalt not bear false witness." which was the precept my minister was working from trying to seek truth and assist plaintiff in obtaining said truth, and seeking justice.

COUNT V. NO AUTHORITY TO VIOLATE PLAINTIFFS RIGHTS OR ISSUE ORDERS:

20. State Actor Martin Dragovich, while purporting to act under color of State law, does not have lawful custody, nor authority over plaintiff, in that no Federal Court Order was ever

applied for, to transfer plaintiff from custody of Raymond J. Sobina, to custody of Def. Myers, and there therefore exists no lawful personal jurisdiction, for defendant Myers to transfer to defendant Dragovich, who continues to violate plaintiffs rights, in the above stated stated fashion, without personal authority or jurisdiction to do so, or to subject plaintiff to such pain, suffering, and cruel and inhuman conditions of confinement, or technic -ally, ANY confinement, and is holding plaintiff in deliberate indifference in state of false imprisonment, and violating plaintiffs rights, and furthering his injury without jurisdicton to do any of the above, nor to issue any "orders" to plaintiff whatsoever, or punish him.

The man, does not even have legal right to my custody...Per FRAP Rule 23(a).



### COUNT VI. VIOLATION OF FIFTH AMENDMENT RIGHTS AND RETALIATION FOR EXERCISE OF RIGHTS:

21. Not only are these state actors depriving plaintiff of his Constitutional right to represent himself, and access witnesses needed to prove his innocence, by these actors deprivation of plaintiffs rights in conspiracy with these witnesses, to conceal their crimes, and obstruct justice, but these actors, specifically Dragovich and Horn, are attempting to Unconstitutionally compel plaintiff(who is falsely accused and ilegally convicted of "rape") to give phony and fraudulent forced "confession" in violation of his fifth amendment rights in order to participate in "sex offender program" under direct threat that he will be retaliated against, and never "paroled" unless he does so.

22. Plaintiff has been repeatedly threatened that he "would never be paroled and have to "max out" unless he gives phony confession and "admission of guilt" as is <u>mandated</u> to gain admission into said sex offender program.

23. The Dept. of corrections, in the case of <u>AUSTIN V. DOC</u> did perjurously inform the District Court, that"they would install "non-admitters" programs as part of the settlement This institution, and several others(including Rockview) have failed to do so, and is not only depriving plaintiff of rights necessary to establish his innocence, but are attempting by direct, real, and actual threat, to compel plaintiff to falsely incriminate himself.

24. Plaintiff was referred to prison psychologist here, as purported "non-admitters" program who interviewed plaintiff and concluded that based upon individual facts of this case, not only did plaintiff <u>NOT</u> qualify for any "deniers program" as he was not "in denial" but also based on actual facts of this case, plaintiff <u>COULD NOT GET INTO</u> "Sex offender" regular program, quote:"If he had to", as there is no per-se crime, of record.

25. Despite this State actor Dragovich still refuses to allow plaintiff to exercise right to represent himself, and seek evidence of his innocence threatening plaintiff with continued "disciplinary action" if he does so, and refuses to remove requirement that plaintiff participate in this unconstitutioonal program, to be considered for parole.
   Plaintiff has, grieved this matter throughout it's entirety, and has gotten no relief.

26. Defendant Dragovich has continually refused to look at evidence of plaintiffs innocence and assist him, in seeking justice, and refuses to remove this Unconstitutional requirement that plaintiff give "phony confession of guilt" and take part in this program.
   And is deliberately indifferent to plaintiffs serious medical condition, and continues to deprive plaintiff of right to seek justice, and/or assist him with pardon, or seeking truth of his false imprisonment. This too has been grieved and exhausted.

27. Defendant Dragovich has just allowed his subordinates to recommend "I be refused parole" because "I refuse to participate in a program that requires me to give false and phony "confession" and incriminate myself, for something <u>I DID NOT DO</u>. I had a parole hearing, last week. Dragovich'ssubordinates did in fact recommend I be refused parole for this exact reason, and for reason of "poor behavior" based on unlawful misconducts issued to me, for trying to represent myself, as I am forced to do, and seek truth for purposes of establishing my full innocence, as referred to in para. 11-18 supra. In direct retaliation for free exercise of Constitutional rights guaranteed to me, by U.S. Const.

### COUNT VII. VIOLATION OF RELIGIOUS FREEDOM RIGHTS RETALIATION FOR SAME:

28. Plaintiff is a Christian, and his religion prohibits bearing false witness. It would be further violation of plaintiffs religious rights, to force him into giving false and fraudulent "confession" or in short, lie, to get into this program. As state actor Dragovich has attempted to force plaintiff into doing, under direct threat of retaliation if he does not do so, he "will never be paroled." This violates plaintiffs first amend rights.



## COUNT VIII. FAILURE TO PROPERLY TRAIN AND SUPERVISE EMPLOYEES.

29. Defendant Martin F. Horn, is a State Actor, acting under color of state law, who has direct supervisory control over programs, operations, and procedures of all State Corr. facilities. Said Horn has failed to properly train, supervise or control his employees in following the law, and the U.S. Constitution, and is allowing plaintiffs unconstitutional treatment as set forth in this complaint to continue, unchecked, and is allowing plaintiff to be continually abused in this fashion, and held in a state of cruel and inhuman confinement, by actors who have no personal jurisdiction to do so, nor to subject plaintiff to unconstitutional abuse, restrictions, and violations of his const. rights in the fashion set forth in this complaint. Def. Horn continues to allow the operation of said unconstitutional programs, and the forced involuntary servitude of those not specifically having been sentenced to labor. Defendant Horn, has direct personal responsibility for plaintiffs life, health, safety and welfare, and has supervisory control over DOC pardons representative Bell and defendants Myers and Dragovich, and has taken no measures to curb their unconstitutional abuse of plaintiff, and violation of plaintiffs constitutional rights. Defendant Horn, refuses to answer plaintiff's correspondence, and has at all times referred said correspondence to subordinates, who do nothing.

### LEGAL CLAIMS

30. Defendant Myers did take custody of plaintiff without authority or due process of law and did allow plaintiff to be put to forced involuntary servitude n violation of U.S. Const. Amend. thirteen, without proper authority, training or protection and as direct results of said defendants violation of plaintiffs const. rights, plaintiff suffered serious, lasting, incapacitating bodily harm, and loss of earning ability.(Plaintiff is a mechanic, and his occupation requires heavy lifting.)

31. defendant Myers, in and through his subordinates did refuse to process pardon for this and did continue to hold plaintiff in an unconstitutional state of being twice placed in jeopardy of life or limb, in complete indifference to plaintiffs life, health, safety, welfare, and Constitutional rights.

32. Defendant Myers, in and through his subordinates did at all times engage i na clear and persistent pattern of harassment and retaliation against plaintiff for plaintiff attempting to enforce his constitutional rights, in deliberate and gross indifference to plaintiff's said Const. rights, and life, health, safety and welfare.

33. Defendant Dragovich did unlawfully assume custody of plaintiff and has engaged in persisten pattern of harassment and obstruction of plaintiffs free exercise of Const. rights, in deliberate and gross indifference to said Const. rights of plaintiff and your plaintiffs life, health safety and welfare, and continues to hold plaintiff in a state of cruel and inhuman punishment causing plaintiff pain, suffering, mental and emotional distress, and refuses to assist plaintiff in seeking pardon or enforcement of his rights.
    And is depriving plaintiff of his rights, under color of state law, personally, and in and through his subordinates.

34. Defendant Dragovich is operating an Unconstitutional program that violates plaintiffs fifth, and first amendment rights, and is attempting to violate plaintiffs said rights, and has injured and retaliated against plaintiff, for plaintiffs refusal to voluntarily violate his own rights.

35. Defendant Dragovich has retaliated against and punished plaintiff for free exercise of right to represent himself, and has unconstitutionally, and/or by willful fraud and conspiracy, with his subordinates and others prevented plaintiff from free exercise of Sixth Amend. right to self representation, religious freedom, and has deprived plaintiff of these rights and equal protection of law, under color of state law, while continuing to subject plaintiff

(9)

to cruel and inhuman conditions of confinement, in complete disregard for plaintiffs pain, suffering, and right not to be placed twice in jeopardy of life or limb, for same offense, allowing plaintiff to continue suffering mental anguish and emotional distress, and remain here in continual fear for his very life, due to these actors obstruction of plaintiffs rights, willful disregard or plaintiffs constitutional rights, and obstruction of same with intent to cause plaintiff's wrongful death.

Or alternatively, permanant, irreversible bodily injury. It is documented that your plaintiff's intestines can strangulate, at any given time, and plaintiff would then have to have said intestines removed, and wear colostomy bag, for the rest of his life. Alternatively plaintiff will die, from gangrene poisoning. Plaintiff has a scrotum, swollen larger than a softball, from these peoples abuse of him, full of his own intestines.

This is cruel and inhuman, and exceeds the scope of any "sentencing order" in possession of defendant Dragovich, and plaintiff is twice in jeopardy of life or limb.

36. The actors above have all been grossly and deliberately indifferent to plaintiffs serious condition, and allowed this to continue while obstructing plaintiffs rights to seek justice, and violated plaintiffs const. rights with intent to cause him continual pain, suffering, etc. or cause his wrongful death.

37. The combined actions of defendants and Dept. of corrections (establish) a pattern of racketeering activity, that violates the racketeering influenced corrupt organizations act involving mail and wire fraud, and obstruction of justice, more than two predicate acts having occurred within a ten year period.

38. The aforesaid actors, have engaged in activity far beyond any lawful authority as conferred on them by law, while purporting to act under color of state law, yet having no lawful authority over plaintiff, per FRAP Rule 23(a).

39. Defendant Bell, has deprived plaintiff of his constitutional right to apply for pardon, and subjected plaintiff to continuing unlawful conditions of cofinement and pain, suffering mental anguish, and emotional distress, in deliberate indifference of same, and plaintiff's right not to be twice placed in jeopardy of life or limb, for same offense, and has conspird with these actors/DOC, to prevent exposure of DOC abuse of your plaintiff, in way that will provide plaintiff remedy.

40. Defendant Horn, has allowed all this, and knew or should have known of these things and has at all times failed to prevent them, or correct them, and has failed to train or supervise his employes, in regard to prisoners Constitutional and Civil rights, and has concurred in the operation of a Reacketeering Influenced Corrupt Organization, and sames effect on Interstate Commerce.

And has failed to offer plaintiff any remedy to violation of his rights, or the aforesaid cruel and inhuman unconstitutional conditions of plaintiffs confinement, or abuse plaintiff has suffered by actors with no personal authority over plaintiff.

Said Horn, has concurred in this abuse, and these unlawful conditions he knows or should have known about, and has taken no steps to remedy any of this, and has subjected your plaintiff to continual pain, suffering mental anguish and emotional distress, and mortal fear for his life, in deliberate and wanton disregards for plaintiff's life, health safety and welfare, and has refused, individually, and by and through is grievance officials to make reparation for actual serious bodily injury caused plaintiff, or to protect plaintiffs rights, or make reparation for violation of said Const. rights, by his inferior Subordinates

41. That defendants Myers, Dragovich Horn and Bell, jointly and individually have engaged in pattern of obstructing justice, and depriving plaintiff of meaningful access to courts, with intent to cause plaintff irreparable injury, and have caused plaintiff injury by this conduct. In deliberate indifference to plaintiffs life, and Const. rights.

While holding plaintiff, without lawful authority, in violation of FRAP Rule 23(a).

(10)

WHEREFORE: It is prayed this Honorable Court, GRANT plaintiff the following;

REQUESTED RELIEF:

1. Award Plaintiff Jury Trial, on all issues triable by Jury.

2. issue declaratory judgment that plaintiff has right to represent himself, access Courts, and contact witnesses in effort to seek evidence of his innocence, and for purposes of seeking legislative, and/or judicial relief, and that these actors have without authority violated such rights.

3. Issue declaratory judgment that plaintiff cannot be made to falsely incriminate himself, by these actors, and cannot be retaliated against by these actors, or any of their subordinates for refusing to do so, including refusing plaintiff for parole, and that defendants have violated their agreement, in the case of AUSTIN V. DOC to install non-admitters programs in state Corr. facilities and have coontinued their unconstitutional conduct.

4. Issue declaratory judgment that plaintiff has constitutional right to send and rec. mail, and that these actors have violated that right, with intent to harass and retaliate against plaintiff, with intent to cause him irreparable harm.

5. Issue declaratory judgment that the above actors are without lawful authority to plaintiffs custody, in violation of FRAP Rule 23(a) and have no federal court order, for same.

6. Issue declaratory judgment upon the hearing of this case, that plaintiff has suffered real, and actual injury as result of defendants unconstitutional abuse of him, and that plaintiff has Constitutional right not to be placed twice in jeopardy of life or limb, for same offense and said defendants are violating that right.

7. Issue declaratory judgment, that defendants have deprived plaintiff of adequate remedy at law, at law, and failed to make reparation for plaintiffs real, and serious injury, and that such actions by defendants have resulted in persistent pattern of harassment and abuse of plaintiff, in violation of his Constitutional rights, and in retaliation for free exercise of such Constitutional rights, and that defendants have deprived plaintiff of rights as are secured to him, by Constitution of the United States of America.

INJUNCTION I. GRANT INJUNCTIVE RELIEF:

Conducting hearing on this case, and ORDERING defendants to show cause, why my right to access witnesses is being violated, allowing plaintiff to present evidence, and cross examine defendants and witnesses, and ENJOIN, state and federal time limitations for PCRA, or Habeas Corpus relief, pending resolution of this matter, and removal on this unconstitutional impediment to justice, by these actors.

INJUNCTION II. GRANT INJUNCTIVE RELIEF REQUIRING:

1. All defendants, and their subordinates from retaliating against plaintiff for bringing, and prosecuting, and defending this action, including restraining defendants from transferring plaintiff, confiscating his legal materials, or obstructing his mail, or attempting to force plaintiff, to go for surgery, or sign releases of liability.

2. Requires defendants to forthwith process, and apply for pardon, on plaintiffs behalf, at full State epense.

3. Requires defendants to refrain from tampering with, or delaying plaintiffs mail, or obstructing same, for any reason.

4. requires defendants to forthwith remove any unconstitutional obstruction or Orders, that prevent plaintiff from contacting witnesses needed for Court/Executive access, and remove from plaintiffs prisn record, any and all misconducts related to plaintiff contacting such witnesses in effort to prove his innocence, and represent himself.

5. Remove from plaintiffs prison record, retalitory misconduct issued plaintiff for his refusing to go to Camp Hill, for Surgery from Rockview.

6. Requires defendants, to sign, and accept liability for any emergency surgery plaintiff may require, while remaining in their custody, and to post surety for same, to indemnify plaintiff, and/or his family in event of further injury as result of such surgery, or plaintiffs wrongful death, said surety to be set at one million dollars.

7. In event of transfer, requires any successor custodian to post same surety, and accept full liability for any emergency surgery plaintiff may require as result of his injury.

## INJUNCTIVE RELIEF: CONTINUED

9. Requires defendants to remove, any unconstitutional requirement that plaintiff be made to to participate in a program, that requires him to falsely incriminate himself, in violation of his first and fifth amendment Constitutional rights, and requires defendants to remove any adverse recommendations against plaintiff, designed to deny him parole, for plaintiffs refusal to participate in such unconstitutional program.

And, require defendants to comply with their agreement, in AUSTIN V. DOC, supra.

## DAMAGES: ACTUAL AND COMPENSATORY

10. Plaintiff prays for award of damages as follows; and as determined by Jury.

11. From defendants Myers, Dragovich, and Horn, the sum of 100,000.00$(one hundred thousand dollars) for plaintiffs actual, real and serious bodily injury as result of said defendants violation of plaintiffs Constitutional rights.
To be awarded from each defendant.
12. from defendants Dragovich and Bell ,the sum of fifty thousand dollars, for continuing pain,suffering mental anguish, and emotional distress, incurred while defendants acted in deliberate indifference to plaintiffs rights, and subjected him to continuing suffering.
13. From Defendant Dragovich; 50,000.00$ for obstructing justice, and denying plaintiff access to courts and violating plaintiff's right to self representation, causing injury, and inflicting continual pain, suffering, mental anguish, and emotional distress.
14. From Defendant Myers, fifty thousand dollars, for denying plaintiff access to courts/ appeal process, by failing to give plaintiff Court Orders, and obstructing justice, by illegally transferring plaintiff to defeat habeas corpus writ, in violation of law.
15. Treble these damages as a result of defendants pattern of R.I.C.O. activity.

## DAMAGES: PUNITIVE:

16. Award plaintiff the sum of fifty thousand dollars from each defendant, in punitive damages, for violation of plaintiffs Constitutional rights as set forth in this complaint, with -out lawful authority to violate such constitutional rights, and for persistent pattern of harassment plaintiff has suffered, including his wrongful confinement i the "hole" and his being issued "misconducts" for free exercise of Constitutional rights.

And his being refused parole for refusing to fraudulently violate his own Const. rights.

WHEREFOR: Plaintiff prays for such punitive damages, in the stated amount, or in amount as to be determined by Jury.

## DAMAGES: COMPENSATORY

17. Plaintiff also seeks from defendants full cost of this suit, and all related litigation, and reasonable Atty. fees, under §1988.

Signed this _fourth_ day of _February_, 2001,

Plaintiff,
DERRICK R. COOMBS

I declare under penalty of perjury, the foreging is true and correct, and I have read this pleading in accordance with FRCP Rule 11.   Respectfully;

Derrick R. Coombs #CT1800
Box 200 Camp Hill Pa.
17001-0200


(12)

## SHORT MEMORANDUM OF LAW

"This Constitution, and all laws made in pursuance hereof, and all treaties made, or which shall be made, under the authority of the United States, shall be... The Supreme Law, of ..the land." U.S. CONST. ART. SIX-TWO.

"Neither slavery, nor involuntary servitude except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States.
U.S. CONST. AMEND THIRTEEN.

"Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law."
U.S. CONST. AMEND. FIVE.

"Congress shall make no law, respecting the establishment of religion or prohibiting the free exercise thereof, or abridging the freedom of speech, or the press, or the right of the people to peacably assemble and petition the Govt. for redress of grievances."
U.S. CONST. AMEND. ONE.

"excessive bail shall not be required, nor cruel and unusual punishments inflicted."
U.S. CONST. AMEND. EIGHT.

"To have compulsory process for obtaining witnesses for his Favor), and to have assistance of counsel, for his defense. U.S. CONST. AMEND SIX.

"No state shall make or enforce any law which shall abridge the priviliges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within it's jurisdiction the equal protection of the laws." U.S. CONST. AMEND FOURTEEN.

"Accused has right to conduct his own defense." FARETTA V. CALIF. 422 U.S. 806 et.seq.

"To punish a person for doing what the law clearly allows is a due process violation of the most basic sort. BORDENKIRCHER V. HAYES 434 U.S. 357

"When state has created danger to individuals safety, state has duty to protect that individual." PINDER V. JOHNSON 54 F.3d 1169, DAVIS, 90 F.3d 1346, DESHANY 109 S.Ct. 998
"Due process prohibits state from arbitrarily compelling individual to risk their physical safety." STATE V. FLOYD 584 A.2d 1157 (Conn. 1981)

"Unwanted surgery constitues an assault" CRUZAN V. DIR.MO.DEPT OF HEALTH 110 S.Ct.2841
WHITE V. NAPOLEON 897 F.2d 103(3rd Cir.)

The Hon. Judge Rambo, recognizes that;"Noone shall be punished for free exercise of Const. rights. GARNETT V. KEPNER 541 F.Supp. 241
"Right to petition the Govt. for redress of grievances in both judicial and administrative forums is among most precious liberties safeguarded by bill of rights." And, intententional obstruction of persons right to seek redress of grievances is precisely the sort of oppression, §1983 is intended to remedy. 42 U.S.C.§1983
GRAHAM V. HENDERSON 89 F.3d 75 N.10-11(2nd Cir. 1996)

"The eighth amendment is intended to protect and safeguard a prison inmate from an environment where degeneration is probable and self improvement unlikely because of conditions existing which inflict needless suffering whether physical, or mental.
DURAN V. ANAYA 642 F.Supp. 510 (D.N.M. 1986)

"retalitory transfer, for exercising right to access courts..... prohibited.
CASTLE V. CLYMER 15 F.Supp.2d 640 E.D. Pa. 1998)

(13)

FRAP RULE 23 (a) Provides, in relevant part;
"Custody of prisoners in Habeas Corpus proceedings;
(a) Transfer of custody pending review.- Pending review of a decision of a Habeas Corpus proceeding commenced before a court, justice or judge of the United States for the release of the prisoner the person having custody of the prisoner shall not transfer custody to another unless the such transfer is directed in accordance with provisions of this rule.
Upon application of a custodian showing the need therefor, the court, justice or judge rendering the decision may make an order authorizing a transfer and providing for the substitution of the successor custodian as a party."

This was not done, there is and was no court order for my transfer, I was transferred illegally, and abusively and now, I am badly, and seriously hurt as direct result.....of being sent to custody of man who had no authority over me...
after all actors ignored my plea.. that said transfer was illegal...

Regarding defendant Myers not giving me court orders, from County Court....
"it is fundamental that a prisoners right to access courts for purposes of presenting their complaints, may not be denied or obstructed..MORELLO V. JAMES 810 F.2d 344

"Irreparable harm, is to be presumed from violation of first amend. rights...
"citations omitted"

### RESERVATION OF RIGHTS

I respectfully reserve the right to present further citations, and law, later, in this matter, including legal definitions of obstruction of justice, and conspiracy against Const. rights, 18 U.S.C.§241, and deprivation of rights, under color of law 18 U.S.C.§242 which crimes I informed them they were comitting by way of grievances and appeals...

Respectfully Submitted;

Derrick R. Coombs #CT1800
Box 200 Camp Hill Pa.
17001-0200

### SUPPLEMENT:

It was held, that a FEDERAL JUDGE could not even "Order" a defendant not to write witnesses..."sua sponte" post trial...WHEELER V. U.S. 640 F.2d 1116(9th Cir. 1981)

(14)