14
7/6/01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK COOMBS,                        :    CIVIL ACTION NO. 1:CV-01-0247
                                       :
            Plaintiff                  :
                                       :         **FILED**
      v.                               :       HARRISBURG, PA
                                       :
ROBERT MYERS, <u>ET AL.</u>,          :    (Judge Rambo)   JUL 06 2001
                                       :
            Defendants                 :       MARY E. D'ANDREA, CLERK
                                            Per_____
                        <u>ORDER</u>              Deputy Clerk

     Before the court is a <u>pro</u> <u>se</u> civil rights action filed on
February 7, 2001 under 42 U.S.C. § 1983.   In addition to the
complaint, plaintiff filed a motion for recusal. For the following
reason, the motion will be denied.

     Under 28 U.S.C. § 455(a), a judge should recuse himself "in any
proceeding in which his impartiality might reasonably be questioned."
Further § 455(b) provides examples of specific circumstances under
which disqualification is necessary.   Plaintiff states that because
he previously named this court as a defendant in a civil action in
1995 or 1996, there is "serious question" as to the court's
impartiality regarding the pending complaint.   Therefore, Coombs is
clearly relying upon 28 U.S.C. § 455(b)(1) which states a judge shall
disqualify himself "where he has a personal bias or prejudice
concerning a party, or personal knowledge of disputed evidentiary
facts concerning the proceeding."

     It is well-settled that recusal is only appropriate when it
appears a judge has "bias generated from a source outside the context
of the judicial proceeding." <u>United States v. Veteto</u>, 701 F.2d 136,

140 (11th Cir.), <u>cert.</u> <u>denied</u>, 464 U.S. 839 (1983).  In deciding a motion for recusal, the court must apply an objective standard. <u>Edelstein v. Wilentz</u>, 812 F.2d 128, 131 (3d Cir. 1987).  The proper inquiry is not whether the moving party subjectively believes the judge has some preconceived bias or prejudice, but rather whether a reasonable person, knowing all of the facts and circumstances ". . . would harbor doubts concerning the judge's impartiality." <u>Blanche Rd. Corp. v. Bensalem Township</u>, 57 F.3d 253, 266 (3d Cir. 1995) (citing <u>U.S. v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983)); <u>see also</u> <u>In re Antar</u>, 71 F.3d 97, 101 (3d Cir. 1995).

In determining whether an appearance of impropriety arises from the court's involvement in the case, the proper inquiry is "whether a reasonable person, knowing all the acknowledged circumstances, might question [the court's] continued impartiality." <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155, 164 (3d Cir. 1993)(citation omitted). Based on the facts set forth above, no reasonable person, with knowledge of all the circumstances would have cause to question the court's impartiality.  Accordingly, the plaintiff's motion for recusal (Doc. 7) is denied as it is devoid of merit.

SYLVIA H. RAMBO
United States District Judge

Dated:  July 6, 2001

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

July 6, 2001

Re:  1:01-cv-00247    Coombs v. Myers

True and correct copies of the attached were mailed by the clerk
to the following:

        Derrick R. Coombs
        SCI-CH
        CT-1800
        P.O. Box 200
        Camp Hill, PA  17001

        Patrick S. Cawley, Esq.
        Office of Attorney General
        15th Floor, Strawberry Square
        Harrisburg, PA  17120

cc:
Judge                      (X )            (X ) Pro Se Law Clerk
Magistrate Judge           (  )            (  ) INS
U.S. Marshal               (  )            (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                                U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                                to: US Atty Gen  (  )  PA Atty Gen (  )
                                    DA of County (  )  Respondents (  )
Bankruptcy Court           (  )
Other_____     (  )

                                    MARY E. D'ANDREA, Clerk

DATE: July 6th, 2001                              BY: _____

                                                       Deputy Clerk