Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS )
   PLAINTIFF )
                 ) No.: 1: CV-01-247
VS.          ) (Hon. Rambo currently)
                 )
ROBERT W. MYERS ET.AL. )
   DEFENDANTS )

FILED
HARRISBURG, PA

JUL 1 8 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

JURY TRIAL DEMANDED

PLAINTIFFS ANSWER TO DEFENDANTS MOTION TO DISMISS
AND DEFENDANTS SUPPORTING BRIEF
AND PLAINTIFFS BRIEF IN SUPPORT OF ANSWER

To; The Honorable Judges of this Honorable U.S. District Court;

COMES NOW: Plaintiff, Derrick R. Coombs, and answers defendants motion to dismiss, and brief in support thereof, as filed by DAG Cawley, on July 3rd, and rec. by plaintiff on July fifth.

This answer is filed pursuant to FRCP Rule 7(a) et.al. and POTTER V. MCCALL, 433 F.2d 1087(9th Cir. 1970) and due process of law.

1. Plaintiff has filed motion to strike answer filed by defendants, and for order compelling discovery. These pleadings set forth Rules of professional conduct, involving fraud dishonesty, and false statements, suppression of evidence, etc. and these citations and Rules are adopted herein as if set forth in full.

2. Defendants answer, represents an affirmative fraud on this Honorable Court, and misconduct by adversary party. HAZEL ATLAS GLASS CO. V. HARTFORD EMPIRE CO. 64 S.Ct.997 as set forth hereinafter.

COUNTERSTATEMENT OF THE CASE

A. FACTS:

Plaintiff was illegally brought into this Commonwealth by perjury and fraud was illegally convicted of a charge of "rape" that does not even apply to him by statute, and that he not only did not commit, but was duly acquitted of, yet just illegally sentenced for anyway. Plaintiff has been repeatedly, and persistently harassed, retaliated against, and obstructed from obtaining judicial or legislative remedy by defendants, and has been abused by them to the point he has sustained serious life threatening bodily injury.

Plaintiffs complaints of official misconduct to everyone, including States Chief law enforcement official, have been completely ignored, and the corrupt abuse of plaintiff has been allowed to continue unchecked, and run rampant within this Commonwealth, while plaintiff continues to be held in a state of criminal false imprisonment, by justice obstructing perjurers, in violation of 18 U.S.C.§241, 242, and his Constitutional rights by actors who are deliberately indifferent to said rights, and plaintiffs life, health, safety and welfare, or the fact that plaintiff is a crime victim here.

And is being held in this Com. without jurisdiction or authority for false charges. Fo[r] the record, States Chief Law Enforcement referred to above, is Atty. General's office.

Plaintiff did not write, or have minister contact the victim of the alleged crime, it was alleged victims **parents** which there IS NO Pa. D.O.C. policy restricting such correspondence. Defendant Myers subordinates attempted to "order" plaintiff not to do this, but this matter **was** grieved, and plaintiff **WON** this grievance. Accordingly there was no need, to pursue any appeal. You dont appeal what you have won....

Alleged victim has falsely accused **her own brother** of "rape" before, and her parents, are aware, of the flagrant lies this woman tells to falsely get people in trouble.

Plaintiff is **HIS OWN COUNSEL OF RECORD** for legal purposes/appeals. Having been denied any counsel by the Com. of Pa. and Unconstitutionally forced to represent himself.

As such official counsel of record, plaintiff has certain very specific rights to investigate, prosecute, and defend his case. Defendants have both ignored this right at all times, and now attempt to circumvent this matter, in thier false answer.

This matter was grieved, and as stated, WON at Rockview prison. Def. Dragovich and his subordinates here, at Camp Hill prison, tried to "overrule" this win, by fraud, and re-order" plaintiff "Not to contact these people" or have my minister contact them, and when plaintiff sought to grieve this unauthoorized order here, he was issued a misconduct, the same day he filed grievance, in direct retaliation for his good faith effort to use the grievance process. This retalitory abuse and obstruction of plaintiff, has developed into a pattern of R.I.C.O. activity, by obstruction of justice, et.al.

A pattern of R.I.C.O. activity, is not a "grievable act" but is seperate and distinct Federal Violation accumulated by pattern of other acts, which have been fully, in direct contradiction to defendants false statements.. grieved and or appealed, as follows, and for which defendants, including atty. Generals office itself, has afforded plaintiff no legal remedy, at law, whatsoever, in violation of equal protection of laws guarantee, of the United States Constitution, and due process clause of same.

DID PLAINTIFF EXHAUST HIS ADMINISTRATIVE REMEDIES:   ANSWER: YES.

Appended hereto, is plaintiffs EXHIBIT "A" which is **final review** decision of prison grievance appeal, No. ROC 0177-99  a grievance which fully addressed 1. My injury, 2. My illegally being at Rockview in violation of FRAP Rule 23(a) 3. My request for pardon and monetray damages, and 4. Fully set forth the specific violations of my Const. rights

My adversary, would now perpetrate a fraud on this court, and try to say "I did'nt do this??" I request sanctions against this man please. And make the following;

### CRIMINAL COMPLAINT

To; Office of Atty. General, if your clients told you, I did not do this, and "they have no records", I hereby request their arrest, and prosecution for perjury, obstructin justice, and tampering with public/official records, with intent to defraud, and officia oppression please. And make federal Crim. Complaint under 18 U.S.C.§241 for conspiracy against my Const. rights, by attempting to perpetrate this fraud,to obstruct justice and deprive me of Const. right to access courts under 18 U.S.C.§242 under State color.

**2** Appended hereto, is plaintiffs "EXHIBIT B" which shows grievance no.ROC0431-99 which was also appealed to final review regarding my phone being illegally blocked off...

While I did not have funds to make copy of final review decision, the Court, and my adversary, can rest assured I have it. Under this same number, my adversary now tries to claim,"there is no record of". I make the same criminal complaint, in this matter, as set forth in the prior matter.

SHOULD MARTIN HORN BE DROPPED AS A DEFENDANT:? ANSWER: NO.

3. Not only did plaintiff exhaust administrative remedies, in regard to his injury, his illegal transfer, his request for pardon and damages, and Const. issues surrounding same.. PLAINTIFF TOOK IT A STEP FURTHER EVEN, and went to Mr. Horn, seeking remedy. What he got back, is appended hereto as plaintiffs EXHIBIT "C" which, clearly states, it is being sent, on behalf of, Mr. Martin F. Horn... who ignored everything I said. And has failed to properly train, supervise or control his employees as I state in complaint.

And, failed to afford plaintiff any legal remedy or reparation for his injury.

Having been put on full notice of this situation, he did nothing, and has incurred both personal, official, and supervisory liability in this matter.

A failure to properly train, supervise or control, is not a claim of "respondeat superior" but is distinctly different in law. My adversaries argument must fail.

Mr. Horn, is quite properly named in this matter, and is substantially involved.

4. IS DEFENDANTS GRIEVANCE POLICY CERTIFIED BY U.S. ATTY. GENERAL.? ANSWER: DOUBTFUL.

While citing 42 U.S.C.§ 1997(e) fraudulently, in effort o defeat this action, defendant disregards 42 U.S.C.§1997(a)(2) That requires certification by (U.S.) Atty. General the defendants "grievance policy" is in substantial compliance with requirements of 42 U.S.C.§1997 et.seq. in the first place or alternatively, that the court has heard, and thouroughly reviewed the entire grievance policy, and issued such certification. Absent such certification THERE IS NO requirement that "administrative remedies' be exhausted in §1983 action. Defendants have failed to prove any such certification and absent same their argument is to be ignored altogether...

As defendants cite a 7th Cir. case, I give them and the Court LEWIS V. MEYER 815 F.2d 43, 46, (7th Cir. 1987) to support what I just said here.

Notwithstanding, my issues have already been exhausted.

Plaintiff has also raised defendants non-compliance with 42 U.S.C.§1997(A)(2) in grievance process.. defendants.. are aware of this.

As stated however, my issues, have been exhausted, this is mere formality argument.

RETALIATION FOR REFUSING TO VIOLATE FIFTH AMENDMENT RIGHTS:

At the onset it is noted, defendants acknowledge that parole may not be barred in retaliation for prisoners exercise of Const. rights, citing BURKETT V. LOVE 89 F.3d 13 ,140 3rd Cir. 1996) and while acknowledging this, they attempt to circumvent that eact, and clearly made claim. The Dept. of Corrections, and Defendant Dragovichs subordinates heave quite specifically "recommended plaintiff be denied parole because he refuses to participate in a program that requires him to falsely incriminate himself as a prerequisite to admission to said program.

(3)

Defendants disregard this very clear claim, and attempt to shift the blame and focus of this flagrant violation of Const. rights, and retaliation by DOC, to "the parole board".

This argument is absurd. The Parole board, follows DOC recommendations.

And the clear claim here is, I have been threatened by DOC, that unless I falsely incriminate myself, and participate in this Unconstitutional program, I WILL NEVER BE PAROLED. If defendants would care to join the parole board as additional defendants they may do so. Absent such joinder, this suit does not involve the parole board, and their answer exceeds the scope of the evidence, and should be stricken.

It is noted, they also circumvent the FACT, that they agreed, and stipulated in Federal Court, that they would install "Non-admitters" programs in DOC, and affirmatively agreed this raises a "substantial fifth amendment issue/concern" Now, they disregard thier perjury, and false promises, and pretend it does not.?

This agreement was reached in AUSTIN V. PA. DOC 876 F.Supp. 1437 at 1464 and was promptly ignored, when it came to actual compliance. This is perjury and fraud.

The Federal Courts, including that of Justice Souters home of New Hampshire, have in fact granted habeas corpus, and released prisoners, who wrongfully had their parole revoked for specific reason of refusing to incriminate themselves. MACE V. AMSTOY 765 F.Supp 847 (D.Vt. 1991) My apology to the Court, it is Vt. not New Hampshire, quite sorry.

While defendants argue, "a person convicted can be compelled to answer questions".. 0(I beg to differ; I dont even have to talk to these people at all. If I choose not to.

Nothing, not one word, not even my name....

In LILE V. MCCUNE 224 F.3d 1175 (10th, 2000) held quite squarely, "No self incrimination, and no State retaliation, for invoking the right not to incriminate oneself. See also MONTANA V. IMLAY 113 S.Ct. 444 (c.c. below, same) It seems the ONLY exception is if the State explicitly grants immunity. Defendnants have granted no such thing, and their bald assertion that "an admission could not be used against a prisoner" carries as much weight, and is entitled to as much respect, as their phony promise to install non-admitters programs in the first place, or their false claim, "that I have not exhausted my remedies" they are.. grabbing at straws here.

Plaintiff, does not believe one word these people say, and this court should not... either.

While defendants allude to "session with prison psychologist" they again disregard, that plaintiff has been expressly told BY prison psychologist, that "based on the facts of this particular case, plaintiff could not tell the truth and also get into any "sex offender program", because there is no per-se "crime" involved here. In order to gain entry to any such program, plaintiff would have to LIE, and falsely incriminate himself, which is clear and flagrant violation of plaintiffs first amendment religious beliefs.(Christian) Stemming from express Commandment of "Thou shalt not; bear false witness". Yet these actors seek to compel plaintiff to be a false witness against himself, and have retaliated, and will continue to retaliate against plaintiff, for his refusal to do so.

(4)

"Availability of alternative means of religious observance is not relevant to determination of whether prison regulations violate first amendment when belief is at issue is a religious commandment rather than a positive expression of belief."
JOHNSON V. HORN 150 F.3d 276 (3rd Cir.1998)

The Commandment at issue is the ninth commandment, of NO FALSE WITNESS, Holy Bible, EXODUS 20 Vs. 16 Defendants ignore this...

As well as plaintiffs complaints that he is a crime victim, of perjurous, false witnesses. The psychologist tells me, "I must prove my innocence, and win this case" then when I try to do that, defendants lock me up, retaliate, and punish me.

It could also be argued, that as my own forced counsel of record, any details of this matter, are protected as "Atty. work product" and protected thereby as well. And, I cannot be retaliated against for this either.

### DEFENDANTS HAVE NO LAWFUL AUTHORITY OVER PLAINTIFF

5. Another issue they seek too circumvent here,(Def.'s answer at P. 3-4) Defendants claim that "I construe" FRAP Rule 23(a) to forbid transfer" I do not "construe it to say that" that is what it says.. in MANDATORY Language. NO COURT ORDER NO TRANSFER NO, "EXCEPTIONS TO THE RULE" and no, ignoring this.

As defendants happily cite GREENHOLTZ they cannot claim ignorance of the requirements of mandatory language, "SHALL" MEANS "SHALL" AND SHALL NOT MEANS "SHALL NOT."

I refer the Court to plaintiffs EXHIBIT "D" appended hereto, to show, prior to raising and exhausting this issue by grievance process, I also sought immediate administrative remedy, regarding this patently illegal, and retalitory transfer, from SCI Somerset, to Rockview. Defendants were put on immediate notice of this and disregarded it, forced plaintiff to perfoorm involuntary servitude, without authority, as raised in grievance No. ROC-0177-99(Exhibit "A") and caused plaintiff serious bodily injury, w/o any lawful authority over plaintiff. See; MECK V. COMMANDING OFFCR. VALLEY FORGE HOSP.(3rd Cir. omitted) and U.S.EX REL MCINERY V. SHELLY 702 F.2d 101(7th Cir. 1982) for treatise on this matter,; I.E. "No such thing as "voluntary transfer" in violation of FRAP Rule 23(a) in NEAL V. DIRECTOR D.C. DEPT. OF CORR. 684 F.2d 17(1984) it was held;

"Illegal confinement in wrong institution in violation of FRAP Rule 23, is grounds for Habeas Corpus. Citing PRIESER V. RODRIGUEZ 93 S.Ct. 1827 at 1835 N.8. Defendants know this, yet continue to hold me in false imprisonment without jurisdiction, and jeopardize my life, while obstructing my right to seek justice.

And punish me, without authority or personal jurisdiction. They circumvent this also.

### DEFENDANTS CLAIM OF NO CONST. VIOLATION IN REFUSING ME PAROLE

6. IN RETALIATION FOR EXERCISE OF CONST. RIGHT NOT TO FALSELY INCRIMINATE MYSELF

The "protected liberty interest" involved was handed down by the Court, in the specific form of a minimum sentence A defendant, sentenced to a minimum term of imprisonment, Constitutionally expects to, barring flagrant misbehavior, be RELEASED on that minimum sentence, there is no warning by the Court "That your minimum sentence is NOT REALLY a "minimum sentence" and we are "simply calling it that"; this would particularly apply

(5)

to those defendants who are talked into taking a "plea bargain" they accept the "deal" due to the fact, they are led to believe they have a liberty interest in expecting release expiration of their "minimum sentences". They are led to believe there is a liberty interest involved in the proceeding. As defendants cite BURKETT Donald Burkett, was in fact granted Habeas relief, due to inordinate delay impairing his ability to make parole.

The third Cir. recognized a liberty interest in this exact matter. (BURKETT I) omitted).

If defendants now claim, a "minimum sentence" is no more than a fraud and a sham, they should say so, require all courts to notify defendants of this, prior to imposing sentence, and inform defendants on the record, prior to imposing sentence of their need to falsely incriminat themselves, or in some cases, truly incriminate themselves in order be released on parole. The Courts do not make this a "condition of release upon your minimum sentence" and the Dept. of Corrections, nor Parole Board, has any authority to "enhance your sentence for refusing to admit guilt." NOT EVEN THE COURTS CAN DO SO.

> "It is Constitutionally impermissable for court to impose more severe sentence because a defendant chooses to stand trial rather than admit guilt".
> COM. V. BETHEA 379 A.2d 859 (possible wrong page no. But, right case.)

The Third Circuit also recognizes this concept;

> "Under the record, defendant was denied due process where an increase of prison time was added to defendants sentence for robbery because he persisted in maintaining his innocence after jury returned guilty verdict."
> POTEET V. FAUVER 517 F.2d 393 (3rd Cir. 1975)

To this day, the Courts follow BETHEA, id. Calling this, "Constitutionally impermissable" and forming the cornerstone for Const. argument here.

As stated, if COURTS cannot do this, neither can DOC, or PBPP. Sorry.

Well, WE cant give you "more time for maintaining your innocence" so, we'll give you a "minimum sentence" but if you maintain your innocence THE DOC will give you more time.. and make you serve your maximum sentence. Since we cant do it, they'll do it for us.??

This too, is Constitutionally impermissable.... beyond doubt.

### A LOOK AT THE TRULY INNOCENT IS IN ORDER HERE.

7. Face it, statistics show, time and again, false accusations of "rape" and even child abuse are made in this country. THERE ARE NO PROVISIONS FOR HELPING THE FALSELY ACCUSED

That, is the concern here. When a man claims he is TRULY INNOCENT and was falsely accused, and wrongfully prosecuted, and defendants still insist he "either admit guilt" or serve his maximum sentence", and obstruct his every effort to PROVE HIS INNOCENCE, while telling him, "admit guilt" or serve twenty years(half your life) we have serious Constitutional problems. Plaintiff has asked for polygraph even. Sure, TEST ME; If I am telling the TRUTH, then please, in name of Almighty God, HELP ME, because I am a CRIME VICTIM HERE. And, DOC Rules, provide, I have right to make criminal complaints and that these will be investigated. Rather than afford me equal protection of the law, defendan IGNORE this, and tell me "admit guilt or stay here until I am an old man."

There are no provisions, to screen out and HELP, those TRULY; falsely accused.

(6)

THAT is the bone of contention here. Constitutional violation compounding Constitutional violation. "We will obstruct you from proving your innocence and you must "admit guilt" for us to even think of "paroling you". What about, "hey if you're telling the truth, and you WERE falsely accused, we will help you."

"It is the DUTY of the prosecutor, as an arm of the State, to seek JUSTICE, not just convictions" BERGER V. UNITED STATES 55 S. Ct. (omitted)

Defendants have failed in that regard, and their conduct is "Constitutionally impermissable. And, their argument, must fail.

### FOR THE RECORD:

8. I made Atty. Gen. Cawley a proposed settlement in this matter. Help me investigate this case, and prove my innocence, and I would drop this suit. He refuses to do so.

This is not even a "special favor" IT IS HIS JOB and, he refuses to do his job... and would rather protect corrupt officials who falsely imprisoned me, and continue to try to force me to "admit guilt" to justify their misconduct, than simply do his job, and help me, granting me equal protection of the law, as guaranteed by U.S. Constitution.

In fact as evidenced by his false answer, he would go so far, as to lie to this Court, to obstruct justice in this matter... "State remedy?" Sure.

### COUPLE MORE MATTERS HERE:
### REGARDING MY ILLEGAL AND RETALIATORY MISCONDUCT: See- Exhibit 'G'

9. This too, was appealed throughout. Defendants assertion that this matter was not exhausted, is also ludicrous. While citing "PLRA" at 1997e(a) it is to be noted that it provides expressly, that a prisoner must exhaust "such remedies as are available to him (emphasis thereon) I append hereto, Plaintiffs EXHIBIT "E" from office of "final review which plainly tells me "I must appeal the misconduct"(issued to me in retaliation for trying to use the grievance system) and I cannot use, "grievance process to appeal misconduct." I appealed the misconduct all the way, to final review. And thus exhausted every remedy as available to me in this issue, with no results to anything, including the very clear claims of violation of my Religious and Const. rights, right to represent myself, even citing cases, I.E. MILTON V. MORRIS 767 F.2d 1443(N.4) State MUST provide pro se defendant access to witnesses, and FARRETTA V. CA. 95 S.Ct. 2525(N.4) Accused has .. absolute right to conduct his own defense.) and informed them of their retaliation, MILLHOUSE V. CARLSON 625 F.2d 371(3rd Cir.) Being Unconstitutional and further gave them required "due process warning"they were violating my rights under 18 U.S.C. 8241,242

These issues, were fully exhausted, per such remedies as are available in the matter it should be noted, the same "final review" official handles BOTH grievances, and misconducts, appealed to final review. And all of issues, including Thier fraud were ignored.

He told me, "appeal the misconduct" I did, exactly that. All the way to the top.

This issue was also raised again, in my appeal regarding "sex offender program." Which defendants admit, was.. exhausted, by grievance process.

THAT ISSUE HAS BEEN FULLY EXHAUSTED BY SUCH REMEDIES AS ARE AVAILABLE TO ME:

DEFENDANT DRAGOVICH IS DELIBERATELY INDIFFERENT, AND SIMPLY DOES NOT CARE.

And apparently, their Counsel, Mr. Cawley, did little or no real investigation into this matter, and chose to run a smokescreen by this Hon. Court instead.

### THERE IS NO APPEAL FROM A REJECTED GRIEVANCE

10. As clearly stated on plaintiffs EXHIBIT "F" appended hereto... "There IS NO appeal, from a rejected grievance. Accordingly if a prisoner submits a grievance, and it is rejected for arbitrary or ambiguous reasons, there IS NO further process, and he has fully exhausted all such remedies as are available to him," Per PLRA as cited.

Defendants cannot refuse to process a legitimately filed grievance, to obstruct it, then expect to rec. a windfall from their obstructionist conduct.

As I stated in my original complaint and as singled out by defendants counsel, how far you appeal a grievance depends on whether it is rejected or not."I was serious.

And, every issue raised in my original complaint has been exhausted to final review, by the means specified herein, and any such "remedies as are available" have been used, and have provided NO remedy to defendants persistent violation of my Const. Rights.

NOTICE OF:            DENIAL OF MEANINGFUL COURT ACCESS BY DEFENDANTS

11. I would inform the court, and my adversary, that DOC does not provide any free photocopies for indigent prisoners. I am indigent, and accordingly cannot submit every single piece of paperwork I have in this matter.. But, believe me, I have it all. I would not have paid to file this suit, if it was not proper.

THIS IS NOT AN OFFICIAL CLAIM: Just a statement of fact. I have sought intervention by the Atty. Gen.'s office in this matter, for denial of Court access in my criminal case.

He did nothing whatsoever about this. It would be averred if my adversary would like to see a stack of documents, and would like me to submit a stack of paperwork, He should (sic, id paperwork) see fit, to ensure I am provided means to do so. Not attempt to use my indigency as a means to try to falsely win this suit.

By blowing this Court a smokescreen hoping I do not have means to controvert it.

### DENIAL OF COURT ACCESS BY DEFENDANT MYERS:

12. Plaintiff has no means to redress this per any available "prison policy" It was not discovered until over a year later, that he rec. Court Orders, and never gave them to me and "prison grievance policy" cannot be used to "address occurring at another Inst- (Sic, id address events occurring at another Institution.") I have had Greivances rejected, for this reason previously, also.

The Courts, have held, in any event, that there is no need to pursue any "administrative remedy, in cases involving CENTRAL CORE ISSUES of denial of Court access, as opposed to "ancillary issues" of denial of court access. ZILICH V. LUCHT 981 F.2d 694 (3rd Cir. 1991) is one such case. The "Dept. of Corrections" does not have authority, to "restore appellate rights nunc-pro-tunc" no matter WHAT you file. Injury, is automatic. And irreparable. The Honourable Rambo, is all too aware of the current problem I am

(8)

having in courts with this specific issue.....

had defendants counsel complied with my discovery request instead of trying to smoke-screen and deceive both myself and this Court,(see motion for order compelling discovery) I could have perhaps prevented the injury. But they failed to do so.

And there is no "administrative remedy available" to restore appellate rights.

Having given the Court ZILICH supra, I also refer the Court to JOHNSON V. MILLER 925 F. Supp. 334(Pa.) For further treatise on "Core Ct. access issues," Vs. ancillary issues." And repeat my position, I have no "administrative remedy available to me in this matter, TO use, per PLRA as cited.

WHEREFORE: THIS HONORABLE COURT MUST FIND:

1. Defendants Counsel, is in violation of his pro. duties and NIX V. WHITESIDE 106 S.Ct. 988(:COunsel is precluded from taking steps or in any way assisting the client in presenting false evidence or otherwise violating the law.")

And has perpetrated a fraud on this Court, and plaintiff, and is furthering defendants illegal activities, and jeopardizing plaintiffs life, health, safety and welfare by this.

2. Contrary to Defendants false assertions, Plaintiff HAS complied with PLRA and has in fact exhausted such remedies as are available to him, on all issues save R.I.C.O. claim, which is not an "Institutional issue" but arises from, and ancillary to, pattern of Unconstitutional and illegal abuses by defendants.

3. Contrary to defendants claim in original motion, that "Plaintiff has failed to state a claim upon which relief could be granted, plaintiff has stated ALL viable claims, upon which relief can not only be granted, but that he is entitled to relief in, as a matter of law,noting defendants deny nothing,and thus admit it all.I.E. FRCP Rule 8.(d)and fact.

The Hon. Court, should be familiar with the test for determining if a cause of action is stated. If not, I refer the Court generally to QUINONES V. U.S. 492 F.2d 1269, 1273 and CONLEY V. GIBSON 78 S.Ct. 99 for guidance.

4. That there is sufficient evidence of Defendant Horns personal involvement in this matter, to sustain his being a defendant, and he was properly named to begin here.

WHEREFORE: Defendants motion too dismiss must be DENIED by this Honorable Court, and this matter scheduled for jury trial as requested, or alternatively this Honorable Court, may award Plaintiff summary judgment in his favor.

SUPPLEMENTAL CITATION:
Drawing the Court back to the AUSTIN V. DOC consent decree; HELD:"Consent decree can create liberty interest"
SMITH V. SUMNER 994 F.2d 1401,1406 9th Cir. 1993)
_Defendants... have violated this.....
with flagrant impunity.

Respectfully Submitted;

Derrick R. Coombs #CJ1800
Boox 200 Camp Hill Pa.
17001-0200

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS )
    PLAINTIFF )
)  No. 1; CV-01-247
VS. )  (Judge Rambo Currently)
)
ROBERT W. MYERS ET.AL. )
    DEFENDANTS )

## ORDER

AND NOW: This _____ day of _____, 2001 comes the Court and ORDERS: Defendants motion to dismiss is hereby DENIED and this mater is scheduled to proceed. A Jury trial is scheduled in this matter for the _____ day of _____, 2001. Defendants are further hereby ORDERED to provide discovery itemes requested by plaintiff within _____ days, and to file copies of same with this Court.

BY THE COURT:_____,
Honorable Sylvia H. Rambo U.S. Judge

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

March 30, 1999

Derrick Coombs, CT-1800
SCI Rockview

Re:   DC-ADM 804 - Final Review
      Grievance No. ROC-0117-99

Dear Mr. Coombs:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:ph
pc:   Superintendent Meyers

Exhibit 'A'

COMMONWEALTH OF PENNSYLVANIA
**Department of Corrections**
**State Correctional Institution at Rockview**
(814-355-4874)
July 23, 1999

**SUBJECT:** Appeal in Grievance #ROC0431-99

**TO:** Derrick Coombs, CT1800
Bldg C/A

**FROM:** R. W. Meyers
Superintendent

I have reviewed your grievance, the response provided by the Grievance Coordinator, as well as your appeal, which was received July 20, 1999.

I am in agreement with the Grievance Coordinator's response and, therefore, your appeal is denied.

RWM:dka

c: Deputy Wakefield
Deputy Whitman
Captain Tressler
Case Record
Mr. Kushwara

*About my Phone - This was Appealed to final review also - And ignored.*

*Exhibit 'B'*



**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PENNSYLVANIA 17001-0598
(717) 975-4859

June 7, 1999

Derrick Coombs, CT-1800
SCI Rockview

*on Behalf of Det. Horn —*

Dear Mr. Coombs:

I am responding to your recent letter in which you claim to have been illegally transferred. This response is being sent on behalf of Secretary Martin Horn.

Please be advised that your were transferred to Rockview as a promotional transfer, to place you closer to your former place of residence. *??*

The transfer was not illegal as you were not in federal custody at the time and your appeal had no bearing on your programming.

In regard to your medical condition, if your condition is as serious as you claim, you have been given and offered proper medical treatment to remedy your status.

Should you refuse such care, any medical responsibilities rest squarely on your shoulders.

I see no current information, which warrants your transfer, or any release from the custody of your state-mandated sentence.

Sincerely,

*[signature]*

Donald Williamson
Coordinator/Diagnostic & Classification
Bureau of Inmate Services

DW/jk

cc:   Supt. Robert Meyers
       File

*Exhibit "C"*

DC-135A

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

State Correctional Institution — RECEIVED APR 29 1998 at Rockview, Superintendent's Office

INSTRUCTIONS
Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Warden Myers
2. DATE: 4/27/98
3. BY: (INSTITUTIONAL NAME AND NUMBER) Derrick Coonts # CF1800
4. COUNSELOR'S NAME: Sponge
5. WORK ASSIGNMENT: Allowance
6. QUARTERS ASSIGNMENT: CA-L2-51

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Sir, I was illegally transferred here, on 4/1/98, when I had a Federal Habeas Petition pending. See Federal Rules of Appellate Procedure Rule 23(a) and Supreme Court Rule 36. No Court order (Federal) exists for my illegal Transfer — and — without said Court order, you are without legal authority to hold me here, in a state of False imprisonment. I thereby request you kindly either (A) Send me back to S.C.I. Somerset — at complete State expense — including paying to ship my property, or (B) Release me Immediately, or Pay me $1500 a day while I'm here. Thank you for your Cooperation. Derrick Coonts.
P.S. I also request you please tell Counselor Sponge, to give me a legal Phone Call. He is ignoring my request.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

---

8. Disposition:

   Your request was referred to the undersigned for investigation and response.

   I checked with the Chief, Classification Section, Inmate Services Division, Department of Corrections who has advised.........your statement above to the contrary......The Department of Corrections has the authority to transfer and to retransfer inmates from institution to institution as it deems necessary.

   Therefore, the Department's position having been provided......we will take no action to return you to Somerset.

                                        Richard M. Leathers
                                        Records Supervisor
                                        SCI-Rockview
                                        5/8/98

c: Supt.
   Unit Mgr
   Counselor
   Case Record

Exhibit 'D'



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Office of the Chief Hearing Examiner
1451 North Market Street
Elizabethtown, PA 17022

INMATE NAME: _DERRICK COOMBS_   INMATE #: _CT 1800_

INSTITUTION: _CAMP HILL_   _NONE_
Grievance/Misconduct Number, if relevant

FROM: Robert S. Bitner _[signature]_
Chief Hearing Examiner   DATE: _4-3-00_

This is to acknowledge receipt of your letter to the Central Office. Upon review of the issue(s) you raise, I am filing your letter without action for the following reason(s):

1. ____ You have not utilized the official inmate grievance system as outlined in DC-ADM 804 in your inmate handbook.

2. ____ You need to include the official identification number of the misconduct / grievance.

3. ____ You need to identify the specific publication(s) you are appealing.

4. ____ According to institution records, you have not completed appeal to the Superintendent.

5. ____ Your claim to have appealed to the Superintendent without response does not entitle you to direct appeal to final review. Contact the Superintendent's office to ensure they received your appeal.

6. ____ The COMRC has been abolished per DC-ADM 804-1, effective May 20, 1996. The next step in the appeal process of your medical grievance is to send your appeal to the Superintendent.

7. ____ Your appeal to final review is unacceptably untimely.

8. _XX_ Staff responses, including the Superintendent, to inmate request slips are not appealable to Central Office.

9. ____ Your initial confinement to Administrative Custody may be appealed through final review in accordance with DC-ADM 802. Pursuant to DC-ADM 802-3, c, there is no appeal beyond the **Superintendent of a thirty (30) day review before the Program Review Committee.**

10. ____ Your Administrative transfer to another institution is not appealable to Central Office.

11. ____ This office has no prior record of receipt of an appeal from you on this issue.

12. ____ You have already received **final** review of this issue.

**ADDITIONAL COMMENTS:** _You must appeal your misconduct. You cannot use the grievance system to appeal a misconduct._

Exhibit 'E'



**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Office of the Chief Hearing Examiner
1451 North Market Street
Elizabethtown, PA 17022**

INMATE NAME: _DERRICK COOMBS_   INMATE #: _CT 1800_

INSTITUTION: _CAMP HILL_   _NONE_
Grievance/Misconduct Number, if relevant

FROM: Robert S. Bitner
Chief Hearing Examiner   DATE: _4-10-00_

This is to acknowledge receipt of your letter to the Central Office. Upon review of the issue(s) you raise, I am filing your letter without action for the following reason(s):

1. \_\_\_\_ You have not utilized the official inmate grievance system as outlined in DC-ADM 804 in your inmate handbook.

2. \_\_\_\_ You need to include the official identification number of the misconduct / grievance.

3. \_\_\_\_ You need to identify the specific publication(s) you are appealing.

4. \_\_\_\_ According to institution records, you have not completed appeal to the Superintendent.

5. \_\_\_\_ Your claim to have appealed to the Superintendent without response does not entitle you to direct appeal to final review. Contact the Superintendent's office to ensure they received your appeal.

6. \_\_\_\_ The COMRC has been abolished per DC-ADM 804-1, effective May 20, 1996. The next step in the appeal process of your medical grievance is to send your appeal to the Superintendent.

7. \_\_\_\_ Your appeal to final review is unacceptably untimely.

8. \_\_\_\_ Staff responses, including the Superintendent, to inmate request slips are not appealable to Central Office.

9. \_\_\_\_ Your initial confinement to Administrative Custody may be appealed through final review in accordance with DC-ADM 802. Pursuant to DC-ADM 802-3, c, there is no appeal beyond the **Superintendent of a thirty (30) day review before the Program Review Committee.**

10. \_\_\_\_ Your Administrative transfer to another institution is not appealable to Central Office.

11. \_\_\_\_ This office has no prior record of receipt of an appeal from you on this issue.

12. \_\_\_\_ You have already received final review of this issue.

ADDITIONAL COMMENTS: _There is no appeal to final review of a rejected grievance. Follow the direction provided by Ms. Livergood on the rejection form, then resubmit your grievance._

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

April 26, 2000

Derrick Coombs, CT-1800
SCI Camp Hill

Re:   DC-ADM 801 – Final Review
      Misconduct No. A113451

Dear Mr. Coombs:

This is in response to your appeal to final review of the above numbered misconduct.

In accordance with DC-ADM 801, VI, I., 3, as amended effective November 1, 1997, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801, §VI. The sanction imposed is within the presumptive range of misconduct sanctions, is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

Review of the record clearly establishes that you were ordered at SCI Rockview in February 1999 not to contact, or attempt to contact, the Nuss family either directly or by third party. You refused this order by having the Reverend John rush visit the Nuss family at home to convey your message to Mrs. Nuss and her daughter. *I was given NO such order!!*

For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

*This is final review of misconduct appeal – This is false, He ignored Every Thing I said – Including These peoples lies + Fraud + retaliation + violation of U.S. Const.*

RSB:ph
pc:   Superintendent Dragovich

*Exhibit "G"*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS )
   PLAINTIFF )
) No. 1; CV-01-247
VS. ) (Judge Rambo Currently)
)
ROBERT W. MYERS ET.AL.)
   DEFENDANTS )

PROOF OF SERVICE

I hereby certify I have this _sixteenth_ day of July, 2001 served the within "Plaintiffs answer to defendants motion to dismiss and defendants supporting brief and Plaintiffs brief in support of answer" on the parties below by deposit in prison mail with request to deduct postage therefore, addressed to;

Clerk of Court U.S. Dist. Ct. )
228 Walnut St. Box 983 ) Three copies
Hbg. Pa. 17108 )

Mr. Patrick Cawley DAG )
Office of Atty. Gen. )
15th Flr. Strawberry Square ) Five copies
Hbg. Pa. 17120 )

Signed in accord with FRCP Rule 11, and submitted under penalty of perjury;

Respectfully Submitted;

Derrick R. Coombs #CT1800
Box 200 Camp Hill Pa.
17001-0200

— 11 — End —