ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK R. COOMBS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MYERS, et al., | : | No. 1:CV-01-0247 |
| | : | |
| Defendants. | : | (Judge Rambo) |

FILED HARRISBURG JUL 24 2001 MARY E. D'ANDREA, CLERK Per _____ DEPUTY CLERK

### RESPONSE OF DEFENDANTS AND SUGGESTION OF MOOTNESS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Derrick Coombs, commenced this civil action against four employees of the Pennsylvania Department of Corrections for alleged civil rights violations. Defendants received from plaintiff on May 29, 2001 an "Informal Discovery Request," involving a mixture of document requests and interrogatories directed to various defendants and defendants' counsel. Defendants had not yet responded to the complaint, and so defendants' counsel informed plaintiff by letter that litigants typically commence discovery only after a complaint has been answered. Defendants' counsel merely sought to avoid a waste of time by both plaintiff and defendant in locating information that may be rendered irrelevant by the Court's ruling on defendants' motion to dismiss. Although defendants' counsel conveyed a willingness to deal politely with plaintiff, plaintiff chose to seek discovery responses through accusations of professional misconduct and a motion to

compel discovery, rather than simply respond to counsel's letter with a similarly polite request for an immediate start to the discovery phase of this case.

Plaintiff's accusations of misconduct by defendants' counsel and plaintiff's motion to compel are attributable at least in part to his misunderstanding of the distinction between an answer and a motion to dismiss a complaint. Defendants filed a motion to dismiss plaintiff's complaint on June 25, 2001 and a supporting brief on July 3, 2001. Plaintiff construed this motion as defendants' answer to the complaint, and as a result plaintiff expected immediate responses to his discovery requests. Plaintiff did not respond to defendants' counsel's letter, but instead assumed that counsel had misled or lied to plaintiff. Defendants believe there is a strong basis for their motion to dismiss, and that plaintiff presents very few or no viable claims in this action. Regardless of this contention, defendants have been willing to engage in discovery and will promptly begin gathering the documents and information requested by plaintiff. Accordingly, there is no dispute and plaintiff's motion is moot.

## CONCLUSION

For each of the foregoing reasons, plaintiff's "Misconduct Complaint and Motion for Order Compelling Discovery" is moot.

                                        **Respectfully submitted,**

                                        **D. MICHAEL FISHER**
                                        Attorney General

By: _/s/ Patrick S. Cawley_
       **PATRICK S. CAWLEY**
       **Deputy Attorney General**
       **Attorney I.D. 85575**

**Office of Attorney General**　　　　**SUSAN J. FORNEY**
**15th Floor, Strawberry Square**　　**Chief Deputy Attorney General**
**Harrisburg, PA 17120**　　　　　　**Chief, Litigation Section**
(717) 705-8572
Fax: (717) 772-4526

**DATE: July 24, 2001**

                                        **COUNSEL FOR DEFENDANTS**