**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK R. COOMBS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MYERS, et al., | : | No. 1:CV-01-0247 |
| | : | |
| Defendants. | : | (Judge Rambo) |

FILED HARRISBURG JUL 2 4 2001 MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK

## REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

Plaintiff, Derrick Coombs, claims in this civil action that four employees of the Pennsylvania Department of Corrections violated his civil rights. Defendants filed a motion to dismiss the complaint on June 25, 2001 and a supporting brief on July 3, 2001. Defendants asserted in the motion and supporting brief that plaintiff failed to exhaust his administrative remedies with regard to the majority of his claims. Plaintiff also failed to state a claim upon which relief can be granted with regard to the sex offender therapy program and the involvement of defendant Horn.

Plaintiff filed a brief in opposition to defendants' motion to dismiss on July 18, 2001. Plaintiff attached seven exhibits to his brief in opposition. Defendants submit this reply to plaintiff's brief in opposition. This brief will also serve as defendants' response to plaintiff's "Motion to Strike Answer Filed by Defendants as

Non-responsive," which he filed on the same day. Plaintiff revealed by that motion that he misunderstands the distinction between an answer and a motion to dismiss a complaint. Because defendants have not yet filed an answer, and will not file an answer until the Court rules on the viability of plaintiff's claims, plaintiff's "motion to strike" a non-existent pleading is based on a misunderstanding by plaintiff, and does not call for a response.

## ARGUMENT

The Pennsylvania Department of Corrections provides the Consolidated Inmate Grievance Review system as a method for prisoners to seek redress of complaints they have during their incarceration. Plaintiff has used this system, which involves an Initial Review of a grievance, followed by appeals to the Superintendent of the prison, and a Final Review. Thus, plaintiff is aware of the need to file grievances and appeal any adverse decisions to Final Review.

Plaintiff attached many documents to his brief in opposition to defendants' motion to dismiss, but he has not shown that he exhausted the administrative remedies provided by the Consolidated Inmate Grievance Review System. Plaintiff attached as "Exhibit A" a letter acknowledging Final Review of a single grievance, ROC-0117-99. Although plaintiff contends in his brief that this grievance covered the separate topics of his work injury, an alleged violation of Fed.R.App.P. 23(a), a

2

request for a pardon, and other constitutional violations, plaintiff did not attach the grievance to which Exhibit A refers, and there is no showing that he exhausted his administrative remedies for these complaints. The grievance system allows only one issue to be presented in a grievance, but it is not clear which topic the grievance referenced by Exhibit A addresses. Not only did plaintiff complain about the alleged violation of Fed.R.App.P. 23(a)[1] in an Inmate Request form ("Exhibit D"), but also Exhibit F refers to grievances that have been rejected, which often happens when inmates attempt to present more than one clear issue in a grievance. Thus, it is hardly clear that plaintiff exhausted his administrative remedies for these issues.

Plaintiff's "Exhibit B" shows that he appealed one particular grievance to the second level of review, but did not exhaust his administrative remedies for the grievance. Although plaintiff wrote on the exhibit that his appeal to Final Review was ignored, plaintiff did not attach the documents submitted to Final Review or any other proof of his attempt at exhaustion of administrative remedies.

Plaintiff's documents in support of exhaustion reveal his misuse of the Consolidated Inmate Grievance Review System and his failure to exhaust the

---

[1] Plaintiff has offered little explanation regarding this allegation. He has at all relevant times been in state custody, and he seems to assume that his pursuit of a writ of habeas corpus in federal court somehow places him in federal custody. Plaintiff's transfers among the various Pennsylvania correctional facilities do not violate this rule, because the Department of Corrections remained the custodian of plaintiff at all times. This was explained to him in his Exhibit C.

3

administrative remedies that are available to him. Exhibits D and E show that plaintiff has equated the form entitled "Inmate Request to a Staff Member" with the formal grievance used in the Consolidated Inmate Grievance Review System. Exhibit E reveals that plaintiff confused the appeal of misconduct reports with the filing and appeal of a grievance. Plaintiff refers in his complaint to grievances that have been rejected, to which Robert Bitner, the Chief Hearing Examiner at the time, advised plaintiff in Exhibit F to follow the rules for submitting grievances and resubmit the grievance that had been rejected. Accordingly, plaintiff's own documents illustrate his misuse of the grievance system. Hence, defendants' records reflect that plaintiff has only exhausted his administrative remedies for his complaints regarding the sex offender therapy program and the alleged tampering with his incoming mail.

Plaintiff's documents similarly support defendants' assertion that defendant Horn had no personal involvement in any unconstitutional conduct. Plaintiff's "Exhibit C" is an ostensible response to a letter from plaintiff to defendant Horn. Horn, however, did not write the letter in response or take any action with regard to plaintiff, but instead allowed an employee from the Department's Bureau of Inmate Services to address plaintiff's concerns. Not only does this exhibit show plaintiff seeking redress of his complaints outside of the Consolidated Inmate Grievance

4

## **CONCLUSION**

For each of the foregoing reasons, defendants' motion to dismiss should be granted.

                                       **Respectfully submitted,**

                                       **D. MICHAEL FISHER**
                                       Attorney General

                       By: _/s/ Patrick J. Cawley_
                                       **PATRICK S. CAWLEY**
                                       **Deputy Attorney General**
                                       Attorney I.D. 85575

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| 15th Floor, Strawberry Square | **Chief Deputy Attorney General** |
| Harrisburg, PA 17120 | **Chief, Litigation Section** |
| (717) 705-8572 | |
| Fax: (717) 772-4526 | |

**DATE: July 24, 2001**

                                       **COUNSEL FOR DEFENDANTS**