**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS )
   Plaintiff )
) No. 1-CV-01-0247
Vs. ) (Hon. Judge Rambo)
)
ROBERT W. MYERS ET.AL. )
   Defendants )

FILED
HARRISBURG, PA

SEP 17 2001

MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

22
9/18/01

PLAINTIFFS ANSWER TO DEFENDANTS DISCOVERY RESPONSES
AND PURPORTED ANSWERS TO INTERROGATORIES

To; The Honorable Judge Rambo, and Judges of This Honorable District Court;

Comes now plaintiff, D. Coombs, and submits the within response(s) to partial discovery as rec. by him, defendants responses to production of documents, and purported answer(s) to interrogatories, as rec. Aug. thirtieth, and Thirty first, 2001, respectively;

1. Plaintiff has rec. partial discovery, and thanks DAG Cawley for same, as it has cleared up some issues. This discovery, is incomplete however, and Plaintiff has addressed that matter in part, with supplemental discovery request to DAG Cawley, and is awaiting that information currently. Plaintiff responds to matter as rec. already, as follows;

1. In response to;

A.                   DEFENDANTS RESPONSE TO PLAINTIFFS
                      REQUEST FOR PRODUCTION OF DOCUMENTS

As titled; Plaintiff represents; At 1. Legal logbook has been provided. Plaintiff in fact never rec. any such "court orders" at Rockview.

At 2. Plaintiff objects to the following; (A) Refusal to produce the letter from alleged victims family requesting no contact, if _in fact_ that is what _was_ requested. Plaintif as his own forced counsel of record, had access to PSI and any "victim impact" statement etc. Additionally, the DOC, wants prisoners to take "victim awareness" classes. What better way to creat awareness, than to produce, what if anything, alleged "victim" said.

Moreso, there is fraud involved in this case, and it is seriously questioned if the parties involved ever said anything at all, or if they were coerced into doing this, by State actors, with intent to obstruct justice, and conceal felony crimes committed to falsely imprison plaintiff. Plaintiff was told, in grievance resolution, if letter came in, he would be shown the letter, and issued formal no contact order. Plaintiff has never seen any such letter to date. WHEREFOR: it is prayed defendants produce said letter, that plaintiff may address any fraud, impropriety, or criminal coercion/obstruction found therein. Absent seeing this letter, and verifying it's contents and author, Plaintiff would aver, no such letter exists, or if it does, it is a fraud.

(B) Plaintiff objects to Defendants efforts to protect the said Daniel Walls in this matter. It was said Walls, who try to tell me "not to write" in the first place. When I informed him, he had been overruled by Major, he became furious, and threatened me, telling me, "He'll get their address and get a letter _himself_!! Because quote; "I have a sentence to serve and HE is going to _see_ that I serve it!! Sure.

(1)

"Danny Walls" has NO authority to do this, and his direct Superior, Mr. Myers, WAS put on notice of this outrageous and illegal conduct of said Walls, by another grievance which they refused to process, after "supposedly resolving this issue" in first grievance". (This is included in discovery) Accordingly, it is again prayed, the phone records of the Said Walls, be produced, in their entirety, and a copy of this alleged letter, be provided to Plaintiff, to verify it's content, and authenticity.

This cannot be rectified, by the Court, "in camera" i have a right to know.

And, if these alleged victims family, have used the DOC to help them obstruct justice and conceal felony crimes( which i already know they have) I have an equal protection right, to file charges about this, and any interference Of said Walls, in this matter.

To clarify the record, said Walls, was at all times relevant, Unit Manager, of "C" Block, during this period. He was not moved to "D" block, until AFTER plaintiff had been transferred to SCI Camp Hill. Mr. Cawley, your clients lied to you.

WHEREFORE: It is prayed you produce for my inspection, the requested letter, and phone records, of the Said Daniel Walls, who, upon inspection of these items, may if need be, joined into this matter.

Defendants response at "4". is addressed as follows; Defendants "objection" that my request is "vague" due to references to "you" your institution" etc. is erroneous. Plaintiffs requests, were specifically directed to specific defendants, and their respective Institutions. This does not require an inter-planetary vehicle technician to decipher.

Plaintiff objects, to defendants failure to produce psychiatric records. This is based on the fact, that plaintiff has seen, SOME of these records, and found flagrant outright lies therein. A prisoner has due process right to not have FALSE information in his file, or to use defendants words, not have unfounded "opinions" made part of what is supposed to be, an official, and professional record, prepared by alleged professionals.

Additionally, Plaintiff has pleaded mental anguish, and emotional distress, if DOC has any intention of presenting any psychiatric, or psychological testimony/evidence in this matter, plaintff has, due process right to cross examine this and review of these records is necessary, to do so.

Plaintiff is aware of his ethical duty to not misuse any such information.

WHEREFORE: It is prayed these records be made discoverable to Plaintiff, for purposes as stated. Defendants have made no showing of "privilige" regarding these documents, moreso, in that they are sought, by the very person they pertain to.

Unless defendants are afraid of my seeing some sort of outrageous fraud, they should be produced, and are requested they forthwith be so.

Defendants response at (5.) is addressed as follows; The AUSTIN decree, is not "mischarcterized" the DOC, in AUSTIN, very clearly acknowledged, that "requiring prisoners to admit guilt" to be paroled, is a VIOLATION OF U.S. CONST. AMEND. FIVE. NO OTHER Pris-

(2)

oners, are required to "admit guilt" to participate in programs, or be paroled.

This is, invidious discrimination, denial of equal protection, and was, agreed, to violate the Fifth Amendment in AUSTIN, and was agreed, it would be done away with... yet, it has not been, and DOC continues to violate prisoners rights, in this Unconst. fashion.

And specifically, your plaintiffs rights.

Going back to defendants response at (4.) I would supplement; as follows; Plaintiff has been refused copies of medical records needed in this matter, "because he does not have funds to pay for these" Plaintiff, is indigent. This act of defendants, violates your plaintiff's Constitutional right to meaningful access to courts.

→see §
My request to make the (THREE) copies, I DO have funds on my "copycard" TO pay for, pg²
has been ignored, in fact. Mr. Cawley is working on this now. It is prayed these records be provided to me free of charge, due to indigency please, or I be allowed to amend my complaint to include claim of denial of court access in this matter.

Additionally, while it is "Objected to" that my "request constitutes an interrogatory" it is noted.. that defendants, specifically Bell, Dragovich, and Myers, submitted, what are labeled as "Defendants responses to interrogatories" you cannot, "answer interrogatories" and then in same breath, "object that a question constitutes an interrogatory"!

There exists a major inconsistency here, please, answer the questions.

This inconsistent position is repeated throughout defendants discovery answers. Please, answer the questions, OR withdraw, all purported "responses to interrogatories". Responding to Defendants answer at (6.) The response is the same. Any request referring to "your institution" was directed to a <u>specific</u> defendant, and their respective Institution, accordingly. This objection, is ludicrous. Please answer the questions.

Addressing Defendants response, at (7.) FRAP Rule 23(a) is specifically directed at those having custody of prisoner in <u>HABEAS CORPUS CASES.</u> It is to be noted, that on a federal level, <u>there IS NO "Habeas Corpus"</u> Only §2255 actions, which are called just that, petition, under 28 U.S.C.§2255. Accordingly, the term "habeas Corpus" by itself, denotes this rule (FRAP 23(a) is directed to those having STATE CUSTODY of a prisoner.

Defendants mistakenly believe, they "didnt violate any rule" and they are thanked, for their admission, that there is no court order, existing for my illegal transfer.

Defendants response at (8.) Disregards that this request, is directed squarely at the Office of Atty. General itself. Yet they respond, "defendants work at different institutions within the DOC." No, they dont, and it appears they corrected this. So;

Plaintiff objects to their failure to produce the following; (A) Proper evidence or admission of identity of Dep. Atty. General Janice Gottschall. It is possible I misspelled her name, lets try "GOTTSHALL" a true and correct answer to this, is required, that I may timely move, for disqualification of Atty. Generals office in this matter, for conflict of interest, if this woman is who I believe she is. I need, a picture, or admission please

(3)

and, I need verification, that she rec. my correspondence, and ignored it.

Defendants response at (9) is addressed, and requested to Show Mr. Filippi, and Atty. Gen.'s office prior deliberatre indifference to matters complained of in this suit.

As well as my efforts to seek help, prior to bringing this suit.

Plaintiff DID NOT request any information about prior lawsuits against Atty. Gen.... DAG Cawley, is (repeatedly) answering question I did not even ask....

This question was only asked of Defendants Dragovich and one admission from Defendant Bell, regarding prior lawsuit, to be addressed further hereafter.

Plaintiffs response to Defendants answers at 10, and 11, are addressed above.

Defendants Response at #12, is objected to; Prisoners have absolute right to make criminal complaints, and to have such complaints effectively investigated, AND enforced, this is even provided for, by DOC Policy. The Pa. Manual, clearly defines "powers and duties Of Atty. Generals office" and those duties consist of dealing with public corruption, and being the "States Chief Law Enforcement official" Since no lower level of law enforcement, in this Com. wants to do thier job, this request was quite properly made to Atty. Generals office, and is Hereby in fact renewed.

The relevance to this matter, is that DOC and other State actors are obstructing Truth, and Justice. I have properly pled that, in the original complaint. It is the duty of this office, to ascertain these matters, and uncover truth as being obstructed.

Plaintiff responds to Defendants answer at #13, as follows; The document sought from State Police, is directly relvant to Truth Being Obstructed By DOC officials, and the crimes committed by parties Nuss, in this matter, which they are now attempting to hide behind DOC, and Defendant Dragovich, et.al. about, to obstruct justice and make him a, (I Hope) unwitting and involuntary accomplice to their criminal fraud, and obstruction of justice. Production of this document, may very well clear Defendant Dragovich of any misconduct in this matter, I will work with this issue. But, we need, this report. It may also show "victims services" they have been "advocating for the WRONG victim here, and their Jumping to conclusions got Mr. Dragovich in trouble.

My six year effort to obtain this document, has been thwarted, at all times, despite my clear right to this. Their last letter to me, IT IS, AVAILABLE, TO LAW ENFORCEMENT... (sic, their (PSP) last letter to me, said, it is available to law enforcement,) That in fact, includes the Atty. Generals office. Produce this Document please.

State Police report, No. G7-574914 on file in HBG H.Q. prepared by Rockview PSP,1995 and specifically, one trooper Warren Sasserman. It is sufficiently identified now.

Please produce this document. If these actors have been running a fraud on Def. Dragovich, and "victims advocacy office" this needs to be addressed forthwith.

And this matter can be effectively addressed, and perhaps resolved without lawsuit.

Mr. Dragovich, MAY, just be as much as a VICTIM as I am, and if that is truly the case, I am the last person on earth, who would want to falsely get someone in trouble.

PLEASE GET ME, AND PRODUCE: THIS DOCUMENT (PSP REPORT)

(4)

FAILURE TO PRODUCE THIS DOCUMENT, ON THE OTHER HAND:

Will bolster my claim, of intentional obstruction of truth and justice, and violation of My. Const. right to represent myself, and seek truth. Produce it, please.

This document is also necessary to my immediate determination, as to whether or not to amend the complaint, and Join said Family Nuss, as a party to this Criminal Conspiracy.

Which, absent production of this document, I am going to have to do.

Whereas, producing this document, may both eliminate that need, and HELP, your client.

God made me, a <u>reasonable</u> man... sorry. And, I also have, ethical obligations.

One of which, is not to put your client, in a wringer he may not belong in, and to continue to seek TRUTH, FACTS, and informal resolution to this mess.

WHEREFORE: PLEASE PRODUCE THIS DOCUMENT.
END RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFFS
REQUEST FOR PRODUCTION OF DOCUMENTS

PLAINTIFFS RESPONSE TO DEFENDANT DRAGOVICH'S
RESPONSE TO PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS:

This matter has been sufficiently addressed above and is redundant. WITH THE EXCEPTION. That Defendant Dragovich's response at #7 will be addressed: Plaintiff has duly alleged he has been refused parole, and refused <u>to be recommended for parole</u> by Def. and his subordinates, for <u>CLEARLY UNCONSTITUTIONAL REASON</u> as well as false reasons. Accordingly the "parole recommendations" made by Dragovich's Staff, are <u>DIRECTLY RELEVANT</u> to this issue. I have already seen these, there is no "privilige" to them. One was made by a man, who does not know me, never met me, and spoke to me for about five minutes one day. This could not result in any "honest impression, evaluation" or even opinion.

Plaintiff is not one bit interested, in "manipulating the parole board" I told them, point blank. <u>I DID NOT</u> commit this crime, and <u>I AM NOT</u> (Now, or ever) going to "give a phoney confession" to <u>something I DID NOT DO</u>. Period. This is not going to change, and accordingly there is no chance of my "trying to manipulate them" I want my name... <u>cleared</u> of these false accusations, "parole" would merely entitle me to work, obtain an investigator, hire counsel, and have meaningful access to courts/evidence I need.

Defendant Dragovich, and his Staff, refuse to allow me be paroled, so I can do this.

And try to force me, to "admit guilt" to something <u>I DID NOT DO, AND WAS FALSELY ACCUSED OF. TO PREVENT ME FROM CLEARING MY NAME. This, is pure bullshit.</u>

And, Constitutionally impermissable, and completely intolerable.

And, in light of my seriously injured condition, is jeopardizing my very life.

This is called, obstruction of justice, and official oppression, and criminal conspiracy against my Const. rights, and deprivation of said rights, under color of State law.

These actors, are jeopardizing my life, and provoking me to seething rage.

Keeping innocent people in false imprisonment, does NOT "rehabilitate them."

(5)

A falsely accused, innocent man, wants only ONE thing; <u>TRUTH, AND JUSTICE</u> for without it, he can never have peace, or healing. My life was stolen by liars. I want it back.

And, defendants, are, Unconstitutionally obstructing me, from getting truth/justice. I take this, as a direct threat against my life, and am getting very angry about it. Without TRUTH, and JUSTICE, I can have NO PEACE.

WHEREFOR: It is prayed the "parole recommendations" requested be produced, so I can show my Unconstitutional refusal of parole for Unconstitutional reasons.

The remainder of my responses have been addressed in supplemental discovery request, sent to Mr. Cawley, on Aug. Fourth, 2001.

Plaintiff amends that, to add one more address; Plaintiff objects to denial/refusal to provide prior lawsuit information, regarding Defendant Dragovich. Plaintiff has pled his deliberate indifference. This is a State of mind, and prior lawsuits filed against him, are relvant to establishing his particular mindset.

WHEREFOR: It is prayed, my institutional parole recommendations, be provided, and also that the requested information regarding prior lawsuits, regarding Dragovich, be provided to plaintiff, forthwith.

PLAINTIFF'S RESPONSE TO DEFENDANT BELLS RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS AND FOR ADMISSIONS

Mr. Bell, has produced the requested documents, and Plaintiff thanks him for this.

Plaintiff objects to Defendant Bells refusal to confirm he is the defendant in the case of SOURBEER V. ROBINSON however, on the grounds that plaintiff has pled Defendant Bells deliberate indifference, and this is a mindset, that will be borne out before jury, and the defendant in SOURBEER, (One J. Halve, Bell, former Corr. officer) was certainly one indifferent individual. First we have a guard, locking a man up, indefinitely, in retaliation for his exercise of religious freedom, who, it seems, now has had a "change of heart" and "wants to help prisoners obtain parolns." How this could be, will become a question for the jury. This is a bigger conversion, than Ernie Preates.

Plaintiff responds to Defendants assertion that "His being injured does not violate Double jeopardy". Plaintiff has sustained serious bodily injury, as result of State abuse that requires he <u>GO RISK HIS LIFE TO FIX</u>. People DIE, every day, from surgery, malpractice, anesthesia, etc. Sure. IF Plaintiff dies, during surgery, WHAT THEN.?.??
And, Plaintiff is just as apt to die, or suffer irreparable harm, without surgery...your Plaintiff is, Unconstitutionally twice in jeopardy of life or limb. Thanks to State. And to detain Plaintiff under such circumstances, and continue to jeopardize his life, is both cruel and unusual, and is tantamount to attempted murder. I told these people,real simply; I am not going to be made to go risk my life, and also sit here for something I did not do, on top of it.  Sorry folks. This is Constitutional violation.

Of course a former prison guard, who locks people up indefinitely for nothing, might not see it that way.. He, if it is him, saw "nothing wrong" in SOURBEER 1S, either.

(6)

His conduct in Sourbeer, if in fact it was him, becomes an issue to indifferent State of mind. Accordingly I renew my request for an answer, if it was Him, or not.

## PLAINTIFFS RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFFS INTERROGATORIES AND SEPARATE RESPONSE TO REQUEST FOR ADMISSIONS

Both of these requests were directed to Defendant Myers, specifically, and the response(s) as filed do not address that they came from Meyers. Plaintiff responds as follows;

1. Please Confirm Security Offcr. Nauff, told Mr. D. Walls, remove his "no contact order" from my file." was the question. Defendants answer, is evasive, and fails to answer to answer the question, and must be stricken. Included again in the Discovery rec. by Plaintiff, is in fact a "grievance resolution sheet" in which agreement was reached, regarding this "no contact" issue, and part of that resolution was that Mr. Nauff, would tell Walls, to take his unauthorized "no contact" order out of my file. Now, was that agreement complied with or was it breached.? Meyers is Nauffs direct superior. Go ask him.

And kindly please, answer the question.

2. Defendants "response to interrogatories" in this matter is addressed as follows;

Question was, why was my grievance regarding Mr. Walls threatening me, in retaliation for my successful win of this (above) grievance not processed.? Defendants avoid this.

3. Plaintiff responds as follows; First, again amongst the discovery rec. it is shown the refusal to process this grievance, was appealed to, and complained of, to defendant Myers and the question as instantly asked, was directed to him specifically. He has sought to circumvent this question, by stating "Walls and Grievance offcr" are not parties. I did not ask them. I asked Mr. Myers, specifically why HE refused to his job, and deal with Mr. Danny Walls, bizzare behavior, and threatening me. Defendant Myers, failed to answer this, and seeks to avoid it. I want an answer please.

4. Additionally, the answer as provided, is FALSE DOC grievance policy allows fifteen days from date of incident to file grievance, with some exceptions made, for MORE time.

Included in the discovery rec. is a very clear statement that based on this bizzarre and threatening behavior of said Danny Walls, I attempted to grieve this ELEVEN DAYS LATER, as a breach of grievance resolution as reached, and Walls threatening me...in retaliation for successful win of grievance.

Defendants answer, that "the grievance was untimely" is a ludicrous fraud, and must be stricken. Mr. Cawley, yourclients lied to you again.

This is an obvious subterfuge of this issue, and must be treated as a failure to answer. Kindly please, provide truthful answer, to this question. Thank you.

5. Plaintiff notes again, the inconsistency, in "answering an interrogatory" while in the same breath, "trying to refuse other answers, on the grounds "they constitute an interrogatory." Kindly please answer all other questions as asked, and withdraw that objection.

Alternatively, I pray the Court ORDER answers be provided.



Responding to Def. Myers answer about Court orders, I asked for any and all Court orders relating to me. This is not "overly broad" it means "any". <u>Pa. Law</u>, Title 42, prohibits <u>any</u> transfer of a prisoner to defeat jurisdiction of STATE writ of Habeas Corpus as well. You transferred me, out of Jurisdiction of Co. in which I had writ pending.

Accordingly your answer is false, and I pray for copy of the Court ORDER you had, to illegally transfer me, in this fashion, in violation of clearly defined law.

If you cannot produce this, I request your arrest and prosecution, by Atty. General, for this offense. (Misdemeanor two) To the fullest extent of the law.

### PLAINTIFFS RESPONSE TO DEF. DRAGOVICH'S RESPONSE TO PLAINTIFFS INTERROGATORY

1. Initially, this was not an interrogatory. It was a request for production of documents specifically any prior lawsuits filed against him, and their outcomes. And again, Defendant is "answering interrogatories" while at the same time, "objecting that other questions wont be answered, "because they constitute an interrogatory. Yes, I'm confused here.

If you are going to answer one, then please answer the rest of the questions Sir.

Or, withdraw your objection that "questions constitute an interrogatory"

2. Again, the mental state of deliberate indifference has been pled. These lawsuits are requested to show pattern of such deliberate indifference, and as such are properly requested, as the reflect a state of mind. Kindly please, provide me the requested info. as for this purpose, it is surely admissable. Thank you.

### PLAINTIFFS RESPONSE TO RESPONSE FILED BY DEFENDANT HORN:

1. It is noted this response, repeatedly refers to "Please provide me lawsuit information in regard to prior suits filed against you." Unfortunately <u>PLAINTIFF DID NOT ASK</u> Def. Horn, for any such information. This is fraud, and surplussage, designed to overburden, and dec. the court, as well as deliberately avoid the <u>QUESTIONS I DID ASK.</u>

2. Plaintiff asked for policy regarding training your offcrs. in regard to prisoners Constitut. rights. Please provide this. My argument addressing illegal transfer in Viol. of FRAP Rule 2(a) has already been made, and is adopted herein.   (Sic, infra, Rule 23(a)

3. You did not provide me answer regarding conversation you had with my minister, regarding Def. Dragovich's illegal conduct, in obstructing justice, or what measures you took to end this illegal conduct of said Dragovich, after being made aware of this. Please do so, forthwith. Thank you.(Specifically this "no contact" letter he sent my Reverend.)

4. To make my request clearer, I asked you for, ANY and all memo's correspondence etc. you have or ever had, concerning <u>ME</u> specifically. I note I omitted that. It is hereby corrected, and specified. Please provide me this answer.

5. My argument regarding the <u>AUSTIN</u> decree, has already been made, infra. It is adopted herein. You's told Federal Court, and class plaintiffs counsel, you would do something, and you breached that very clear agreement. The question is, by what authority.?

And by what authority, do you compel some prisoner to "admit guilt" yet not others.?



6. Otherwise, the matters raised in your response, have been addressed, and appropriate relief, and answers requested. In closing, I thank you, for your response, which response pretty clearly evidences what I have charged you with. That you, by claiming ignorance of everything, have in fact, failed to properly train, supervise or control those under you. On that note, I do have one more issue to address.

7. You respond, that "you are aware of no correspondence" etc. to you. Sir, your subordinate answered a letter, specifically addressed TO YOU. Federal law, (18 U.S.C. §1702) provides for five years in prison, for delivering mail to a party other than who it is specifically addressed to. Please explain how it is, you "had no knowledge of this letter, and accordingly, who delivered it, to someone besides you. I request, this parties criminal prosecution in this matter, if you do not clarify this. Thank you. For either, you got this letter, and tried to wash your hands of it, or, someone, belongs in jail.

Please specify which it is, in your answer to this.

WHEREFORE: Plaintiff prays for new response to this matter, or alternatively, for Court to ORDER responses, and impose sanctions in this matter, for false and evasive answers.

Respectfully Submitted;

Derrick R. Coomos #CT1800
Box 200 Camp Hill Pa.
17001-0200

PROOF OF SERVICE

I hereby certify that I have this _Thirteenth_ day of Sept. 2001, served the within "Plaintiffs answer to Defendants discovery responses and purported answers to interrogatories" on the parties below, by deposit in prison mail addressed as follows;

Mr. Patrick Cawley, DAG
Office of Atty. Gen. Lit. Sec.
15th Flr. Strawberry Square
Hbg. Pa. 17120

Being 10 pgs long-

Clerk of Court
U.S. Dist. Ct. Box 983
228 Walnut St.
Hbg. Pa. 17108

Signed in accord with FRCP Rule 11, and submitted under penalty of perjury;

Respectfully Submitted;

Derrick R. Coomos #CT1800
Box 200 Camp Hill Pa. 17001-0200

(9)

NEW MATTER: FRAUD:
SUPPLEMENT TO THIS MATTER:

Failure to co-operate in discovery agreement;
To; DAG Cawley, and This Honorable Court; Deft. Dragovich —

Plaintiff represents as follows; It was agreed in discovery, that Plaintiff would be provided copies of his medical records as needed, at Standard Institutional rate. The Standard Institutional rate for prisoner copies, is TEN CENTS Each. I was first told I could not have these, due to "No money" I informed them, I had sufficient funds to make THREE copies, and requested these. Defendants have refused to provide these, and are now falsely citing a "bunch of fees and charges, that are violation of agreement, and a denial of plaintiffs right to access courts, within intent to obstruct justice.

None of these "sudden surprise fees" were mentioned in agreement, Plaintiff is indigent and in Forma Pauperis.

WHEREFORE: It is prayed Mr. Cawley, forthwith instruct Defendants to provide me the copies needed, at standard Institutional rate as specified in discovery agreement, or that the COURT ORDER Defendants to forthwith Comply with their specified agreement, and desist any further obstruction and harassment of Plaintiff in this fashion.

Plaintiff prays for award of reasonable fees, for having to bring this action to compel defendants compliance, in the sum of 250$ dollars. Thank you.

Plaintiff further prays for Defendant Dragovich, to discipline his Unit Manager, Mr. David Hoffman, for his UNauthorized interference in this matter, and attempting to use Grievance offcr. to override Atty. Gen, and Supt./Records offic.,
and obstruct/interfere with this discovery.

Derrick R. Coombs #CY1800
Box 200 Camp Hill Pa. 17001R-0200

This is viol. of FRCP Rule 37

(10)