Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK R. COOMBS, | : | |
| Plaintiff, | : | FILED HARRISBURG |
| | : | SEP 1 8 2001 |
| v. | : | MARY E. D'ANDREA, CLERK |
| | : | Per_____ |
| ROBERT W. MYERS, et al., | : | No. 1:CV-01-0247  DEPUTY CLERK |
| | : | |
| Defendants. | : | (Judge Rambo) |

### BRIEF IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR TEMPORARY RESTRAINING ORDER

### STATEMENT OF THE CASE

Plaintiff, Derrick Coombs, brought this civil action against four employees of the Pennsylvania Department of Corrections pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants are Robert Meyers, the Superintendent of the State Correctional Institution at Rockview ("SCI-Rockview"), Martin Dragovich, the Superintendent of the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Martin Horn, the former Secretary of the Pennsylvania Department of Corrections, and J. Harvey Bell, a Pardons Case Specialist with the Department of Corrections. Plaintiff is currently incarcerated at SCI-Camp Hill, serving a sentence for the crime of rape.

Although defendants filed a motion to dismiss the complaint, plaintiff insisted that discovery proceed pending the Court's ruling on that motion. Defendants

responded to numerous interrogatories and requests for production of documents. Plaintiff now relies on one document to assert that defendant Dragovich is obstructing and confiscating plaintiff's outgoing mail. This document, a copy of which is attached, shows that Dragovich instructed personnel at SCI-Camp Hill simply to monitor plaintiff's non-privileged outgoing mail for the address of plaintiff's victim and her family. Dragovich had previously ordered plaintiff to cease his attempts to contact the victim of his crime, and plaintiff repeatedly ignored the order.

Plaintiff has filed a motion for a temporary restraining order from this Court, compelling Dragovich to cease this monitoring of non-privileged outgoing mail and to return mail items allegedly removed from outgoing mail. Plaintiff has provided no proof that items have been removed from his mail, and he has not identified specific outgoing mail that was allegedly opened by Dragovich or his staff. Defendant has also failed to show the harm that has resulted from these alleged interferences with his outgoing mail.

## ARGUMENT

### PLAINTIFF HAS FAILED TO MEET THE REQUIREMENTS FOR A TEMPORARY RESTRAINING ORDER.

Plaintiff seeks the extraordinary relief of a temporary restraining order.

Because he has failed to satisfy the requirements for a temporary restraining order, his motion should be denied.

In order to obtain a temporary restraining order, it must clearly appear from the facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant. Fed. R. Civ. P. 65(b). The standards for a temporary restraining order are the same as those for a preliminary injunction. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Thus, plaintiff must demonstrate "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting the preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Brian B. v. Commonwealth of Penn. Dept. of Educ., 230 F.3d 582 (3d Cir. 2000), cert. denied, 121 S. Ct. 1603 (April 16, 2001). An injunction or temporary restraining order should issue only if the moving party produces evidence sufficient to convince the Court that all four factors favor this relief. Merchants & Evans, Inc. v. Roosevelt Bldg. Products Co., 963 F.2d 628, 632-33 (3d Cir. 1992). If the moving party fails to satisfy either of the fundamental requirements, the likelihood of success on the merits and the probability of irreparable harm if relief is not granted, a district court may not grant

3

the requested relief. <u>McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.</u>, 24 F.3d 519, 523 (3d Cir. 1994); <u>Hoxworth v. Binder Robinson & Co.</u>, 903 F.2d 186, 197 (3d Cir. 1990). Plaintiff has neither argued that his motion satisfies these requirements, nor substantiated his allegations that Dragovich or his staff have confiscated items from plaintiff's outgoing mail.

Plaintiff has not shown a reasonable probability of success on the merits of his claim that defendant Dragovich tampered illegally with plaintiff's mail or instructed his staff to do so. The Supreme Court in <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987), held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Although the DC-ADM 803 ban on inmate correspondence with the victims of their crime affects prisoners' exercise of free expression through the mail, this policy of the Pennsylvania Department of Corrections serves the legitimate penological interest of preventing incarcerated offenders from causing further grief for the victims of their crimes. As the documents attached to this brief show, Dragovich ordered his staff only to watch for non-privileged letters from plaintiff to his victim and her family, but did not order the staff to confiscate privileged mail or mail to parties other than plaintiff's victims. Neither the documents attached to this brief nor the argument by plaintiff show any proof that Dragovich or his staff

4

removed items from plaintiff's mail or engaged in any other conduct unrelated to a legitimate penological purpose. Because plaintiff's argument in favor of a temporary restraining order and the documents attached to this brief show that Dragovich only enforced an important policy that serves a legitimate penological purpose, plaintiff has not shown that there will be a reasonable probability of success on the merits of his mail claim.

Plaintiff similarly fails to show that irreparable harm will result if the temporary restraining order is not granted. Although plaintiff offers the conclusory statement that he "is being irreparably harmed," plaintiff does not describe or attach any documents or declarations to show the harm that he is experiencing. As the documents attached to this brief reflect, defendant Dragovich has ordered his staff only to monitor plaintiff's non-privileged outgoing mail to ensure that plaintiff may not harass his victim and her family through the mail. Not only does this order serve a legitimate penological purpose, but also plaintiff fails to show how his inability to contact his victim causes him any harm. To the extent that plaintiff believes that institution personnel have confiscated other privileged mail or mail addressed to parties other than his victim, he neglected to include any documentation or description of the items that have been confiscated and the harm that resulted.

5

## CONCLUSION

Accordingly, plaintiff fails to satisfy the crucial requirements for a temporary restraining order, and his motion should be denied.

          Respectfully submitted,

          **D. MICHAEL FISHER**
          Attorney General

By: *Patrick S. Cawley*
          **PATRICK S. CAWLEY**
          **Deputy Attorney General**
          Attorney I.D. 85575

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
(717) 705-8572
Fax: (717) 772-4526

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**COUNSEL FOR DEFENDANTS**

**DATE: September 18, 2001**

6

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
State Correctional Institution at Camp Hill
Superintendent's Office
(717) 975-5206
March 24, 2000

SUBJECT: "No Contact" Violation Against Inmate Derrick Coombs, CT-1800

TO: Kathy Buckley
Director, Victim Services
Office of Victim Advocate

FROM: *Martin L. Dragovich*
Martin L. Dragovich
Superintendent

Receipt of your memo dated March 22, 2000, regarding inmate Derrick Coombs' continued violation of a non-contact order is acknowledged. Please be advised that Mr. Coombs received a misconduct for violating Superintendent Meyers' earlier order issued while Coombs was at SCI-Rockview, and I have personally met with him during my rounds in the housing unit. Mr. Coombs is very headstrong and insistent that he has a right to these contacts. The latest violation has been referred to our Intelligence Captain so that a follow-up misconduct can be written, and I have issued orders that all of Coombs' outgoing non-privileged mail is to be monitored to insure that he no longer violates these instructions. While we can administer administrative sanctions against Mr. Coombs, it will be up to Mrs. Nuss to pursue legal remedy if she feels she is being harassed.

Please feel free to contact me should you have any questions.

MLD/lp

cc: Deputy Novotney
Captain Orwig
DC-15
File



RECEIVED
SUPT. SCIC
MAR - 6 2000
Referred *Capt Onwig*
*Mr Kayor*

*Capt Onwig*
*Coombs violated order issued*
*by Rockview RE: no contact, personal or 3rd party.*
*A misconduct needs to be issued. I would like to have*
*the security office issue the misconduct.* *Mr Kayor -*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
Office of the Victim Advocate
March 6, 2000
(717) 731-7060

*Please contact*
*Rev. Richard*
*advise him. this*
*contact is illegal*
*I believe you can go*
*his [illegible] through*
*chaplaincy dept at*
*Mahanoy.*
*MD*

SUBJECT: "No Contact" Violation Against Inmate Derrick Coombs, CT1800

TO: Martin Dragovich
Superintendent
SCI-Camp Hill

**RECEIVED**

FROM: Kathy Buckley
Director, Victim Services
Office of the Victim Advocate

MAR 0 8 2000

SECURITY OFFICE
S.C.I.C.

On February 8, 1999, SCI-Rockview ordered inmate Derrick Coombs, CT1800 to cease contact with Mr. and Mrs. John Nuss. Mrs. Nuss contacted our office Friday, March 3, 2000 and said that Reverend John Rush stopped by her house. Rev. Rush told Mrs. Nuss that he has seen Derrick Coombs. Derrick wanted him to tell Mrs. Nuss that he (Derrick) was innocent of the charges. Derrick wants Mrs. Nuss to have her daughter tell the truth. This visit surprised Mrs. Nuss and was very upsetting to her.

This is not the first time Derrick has contacted Mr. and Mrs. Nuss through third party. I have included the No-Contact Order issued by Supt. Meyers at Rockview explaining some of the past contact by Derrick Coombs to Mr. and Mrs. Nuss.

I appreciate your assistance in this case. Please keep me informed of disciplinary action taken against Derrick Coombs for violation of the "no-contact" order. If you have any questions, please call me at (717) 731-7060.



**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Office of the Victim Advocate**
March 22, 2000
(717) 731-7060

**SUBJECT:** "No Contact" Violation Against Inmate Derrick Coombs, CT1800

**TO:** Martin Dragovich
Superintendent
SCI-Camp Hill

**FROM:** Kathy Buckley
Director, Victim Services
Office of the Victim Advocate

On March 3, 2000, I spoke to you about Derrick Coombs violating a no-contact order by having Rev. John Rush show up at the residence of Mr. and Mrs. Nuss. I haven't heard an outcome on the investigation into this and suspect that it is still on-going.

Mrs. Nuss recently contacted me again. She was very upset because Derrick Coombs sent her a letter in the mail along with a newsletter entitled "Justice & Mercy". He has several notes written in the margins of the newsletter and points out a picture of Rev. John Rush. Derrick does state in his letter that he was spoken to by Security about Rev. Rush going to Mr. and Mrs. Nuss' residence. Mr. Coombs alludes to the fact that he will not stop the contact with the Nuss'.

I have included a copy of the most recent letter Mr. Coombs sent to the Nuss'. Every time they think they have gotten the contact to stop, Mr. Coombs starts again. I keep encouraging the Nuss' to report any contact they get from Mr. Coombs to us, because he is violating an order and will be held accountable, but they are getting very frustrated and disheartened. Anything you can do to stop the contact to the Nuss' would be appreciated. Please keep me informed of any action you take in this case. Thanks for your assistance.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Office of the Victim Advocate
January 28, 1999

**SUBJECT:** "No Contact" Request Against Inmate Derrick Coombs, CT1800

**TO:** Robert Meyers
Acting Superintendent
SCI-Rockview

**FROM:** Chris Rinehart
Victim Assistance Coordinator, Victim Services
Office of the Victim Advocate

Mr. and Mrs. John Nuss are the parents of the direct victim of the crime for which Coombs is presently incarcerated. The Nuss family contacted our office because Coombs has sent mail to their home in which he pleads for their assistance. Specifically, Coombs asks that they help him by "getting the truth out of" their daughter. He asks them to respond to him by letter also requesting that they forward a copy of their letter to a Connecticut address. A copy of Coombs' letter is enclosed.

Mr. and Mrs. Nuss also state that they have been contacted by third parties in Connecticut regarding Coombs' plea of innocence. Most recently, they received a call from a man claiming to be the inmate's brother. By using * 69, Mr. and Mrs. Nuss traced the call to the following telephone number: 860-447-1655. It is their belief that this number coincides with the address listed in Coombs' letter although they have not verified this.

Mr. and Mrs. Nuss are requesting that Coombs as well as all third parties related to him cease communication with them. I have enclosed a letter with this request.

On January 29, 1999, I spoke with Greg Gaertner regarding the Nuss family's no contact request. He asked that our office forward their written request for a no contact to SCI Rockview to assist staff in addressing this matter.

Please keep me informed of any action you may take in this case. If you have any questions, please call me at (717) 731-0443.

CC: Greg Gaertner, Inmate Program Manager

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Rockview**
(814) 355-4874
February 12, 1999

**SUBJECT:** Derrick Coombs, CT1800
"No Contact" Request

**TO:** Chris Rinehart
Victim Assistance, Coordinator
Victim Services
Office of the Victim Advocate

*R. W. Meyers /jab*

**FROM:** Robert W. Meyers
Superintendent

Attached is a copy of the letter sent to Mr. and Mrs. John Nuss from this Institution. Please note that Mr. and Mrs. Nuss contacted us initially on this matter and our unit staff was in the process of responding. Mr. Coombs has been advised not to contact Mr. and Mrs. Nuss directly or through a third party. We hope that Mr. and Mrs. Nuss will report any future attempt at contact. If you have any additional questions, please feel free to contact Dr. Gaertner.

RWM:jab

Attachment

MARTIN F. HORN
SECRETARY

ROBERT W. MEYERS
SUPERINTENDENT

PENNSYLVANIA DEPARTMENT OF CORRECTIONS
STATE CORRECTIONAL INSTITUTION
AT ROCKVIEW
BOX A, BELLEFONTE, PA 16823-0820
(814) 355-4874

DAVID J. WAKEFIELD
DEPUTY SUPERINTENDENT
FOR
FACILITIES MANAGEMENT

TERRY L. WHITMAN
DEPUTY SUPERINTENDENT
FOR
CENTRALIZED SERVICES

FRANCIS M. DOUGHERTY
BUSINESS MANAGER

ADDRESS ALL REPLIES TO SUPERINTENDENT

February 8, 1999

Mr. & Mrs. John Nuss
917 Rabbit Hill Road
Lititz, PA 17543

RE: Derrick Coombs, CT1800

Dear Mr. & Mrs. Nuss:

Thank you for your letter and for sending the letter sent to you by Mr. Coombs, CT1800. We have given Mr. Coombs a direct order not to correspond to you or your daughter directly or through any third party. In the event he again corresponds with you or your daughter, please notify us and send the correspondence to us so that we may take appropriate disciplinary action.

I hope this will put an end to this unwanted contact. Please feel free to contact Mr. Coombs' counselor, Mr. Savage, if you have any any further questions.

Sincerely,

Robert W. Meyers
Superintendent

William A. Savage
Corrections Counselor II

dmz
c: case record
enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK R. COOMBS,** : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **ROBERT W. MYERS, et al.,** : | No. 1:CV-01-0247 |
| : | |
| Defendants. : | (Judge Rambo) |

### CERTIFICATE OF SERVICE

I, **PATRICK S. CAWLEY**, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on September 18, 2001, I caused to be served the foregoing Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order by depositing a copy in the United States mail, postage prepaid, and addressed as follows:

Derrick Coombs, CT-1800
SCI-Camp Hill
2500 Lisburn Road
P.O. Box 8837
Camp Hill, PA 17001-8837

*Patrick J. Cawley*
**PATRICK S. CAWLEY**
**Deputy Attorney General**