*See at*

26
9/27/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS,                      :
                                        :
            Plaintiff                   :       CIVIL ACTION NO. 1:CV-01-0247
                                        :
      v.                                :
                                        :
ROBERT W. MYERS, *et al.*,              :       (Judge Rambo)
                                        :
            Defendants                  :

FILED
HARRISBURG, PA

SEP 2 6 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

## M E M O R A N D U M

Before the court is a motion to dismiss filed by defendants on June 25,
2001. Because plaintiff has failed to exhaust most of his claims and fails to state a
viable claim as to the sex offender program claim, the motion to dismiss will be
granted. The court will *sua sponte* dismiss the remaining obstruction of mail claim as
frivolous pursuant to § 1915(e)(2). The clerk of court will be directed to close the
case.

Certified from the record
Date 9/26/01
Mary E. D'Andrea, Clerk
Per George T. Gardner
Deputy Clerk

## I. Background

On February 7, 2001, Plaintiff Derrick Coombs, an inmate at the State
Correctional Institution at Camphill, Pennsylvania ("SCI-Camphill"), filed a *pro se*
civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, Complaint.) Named as
defendants in the complaint are Martin Dragovich, superintendent of SCI-Camphill;

Martin Horn, former secretary of the Pennsylvania Department of Corrections ("DOC"); J. Harvey Bell, pardons case specialist with the DOC; and Robert Myers, superintendent of SCI-Rockview. (Doc. 1, p. 2.)

The complaint is accompanied by an application to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately must be paid (at least in a non-habeas suit).[1]

In his complaint, plaintiff raises eight counts. (Doc. 1, Complaint.) First, Coombs contends that he suffered a serious bodily injury as a result of being forced to "perform involuntary servitude" under threat of punishment. (Doc. 1, p. 4.) Along with his medical claim, plaintiff raises three "supplemental claims" consisting of: (1) violation of his first amendment rights because he was unable to complete a telephone call to his family[2] (*id.*, p. 5); (2) a persistent pattern of racketeering activity

---

1.    The plaintiff completed this court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden to commence deducting the full filing fee from plaintiff's prison trust fund account.

2.    On one occasion, plaintiff attempted to call home and was "told by prison automated phone, 'his call could not be completed as dialed.' " Plaintiff has interpreted this as meaning defendants have "conspire[d] to commit wire fraud and illegally block off plaintiffs [sic] home phone, with intent to obstruct justice and harass plaintiff . . . ." (*Id.*)

2

Case 1:01-cv-00217-SHR-KH    Document 26    Filed 09/26/2001    Page 3 of 23

in violation of the R.I.C.O. Act because of illegally "shutting off" his phone[3] (*id.*);

and (3) denial of access to courts because he did not receive court papers while at

SCI-Rockview (*id.*).  In Count II, plaintiff alleges that defendant Bell's refusal to

process his pardon is "cruel and inhuman punishment" and violates his right not to be

twice placed in jeopardy.[4]  (*Id.*, p. 6).  Next, plaintiff contends he was

unconstitutionally denied counsel by the Commonwealth of Pennsylvania and forced

to represent himself on direct appeal and access to courts on his criminal matter, and

retaliated against for exercising his constitutionally protected rights.  In Count IV,

plaintiff contends that defendant Dragovich violated his religious freedom when he

sent a letter to plaintiff's minister "telling him, '[the minister] is not to help [Coombs]

in this fashion'" because Coombs' minister was contacting "witnesses" of his

criminal conviction on plaintiff's behalf.[5]  (*Id.*, p. 7.)  Next, plaintiff contends that

defendant Dragovich did not have the authority to transfer him to another institution

while he had a pending federal habeas petition.  (*Id.*)  Coombs' next count is that

defendants are violating his Fifth Amendment rights by repeatedly threatening him

---

3 .    The "persistent pattern" consists of alleged mail and wire fraud.  Plaintiff contends the
Department of Corrections is an "enterprise engaged in interstate commerce, as is illegally shutting
off my phone, as stated above is an act affecting interstate commerce." (*Id.*)

4 .    Plaintiff contends he is entitled to a pardon "due to plaintiffs [sic] serious injury and being at
documented risk of death here, due to unconstitutional state abuse . . . ." (*Id.*)

5 .    The "witnesses" were in fact the victim of his crime of rape and her family.  (Doc. 23.)

that he would never be paroled unless he gives "phony confession" and "admission of guilt" as is required to gain admission into the sex offender program. (*Id.*, p. 8.) In Count VII, plaintiff contends that as a Christian, his religion prohibits bearing false witness; therefore, it is a violation of his religious rights to force him into giving false and fraudulent "'confession' or in short, lie, to get into [the sex offender program]." (*Id.*) Lastly, Coombs alleges that defendant Horn has failed to properly train, supervise, or control his employees in following the law and is allowing plaintiff's "unconstitutional treatment to continue, unchecked, and is allowing plaintiff to be continually abused in this fashion . . . ." (*Id.*, p. 9.) Plaintiff seeks declaratory and injunctive relief as well as compensatory, actual, and punitive damages. (*Id.*, pp. 11-12.)

On June 11, 2001, plaintiff filed a "Rule 15(a) amendment to §1983" action. (Doc. 11.) Plaintiff contends that he has sent numerous letters "seeking every form of aid and assistance, from pro-bono investigative assistance, to news media interview/investigation of his case." (*Id.*, p. 1.) Plaintiff alleges that since these letters have not been answered, defendants must be illegally obstructing, stealing, or tampering with his mail. Plaintiff further asserts that his mail is repeatedly received opened and items are missing. (*Id.*)

Several motions are currently pending before this court.  On June 25, 2001, defendants filed a motion to dismiss the complaint.  (Doc. 12.)  Plaintiff has filed a motion to compel discovery (Doc. 15), a motion to strike answer filed by defendants as non-responsive (Doc. 16), a motion to "reply/reply to counterclaim and new matter pleaded in defendants reply to plaintiff's reply and discovery motion" (Doc. 20) and motion for temporary restraining order and order to show cause (Doc. 21).

In their brief in support of their motion to dismiss, defendants contend that Coombs has failed to exhaust all but two of his claims.  (Doc. 13, p. 4.)  Defendants assert the two exhausted claims are the sex offender program and legal mail issues. (*Id.*, p. 8.)  Defendants further allege that Coombs has failed to state a viable claim as to the sex offender therapy program and fails to allege any personal involvement by defendant Horn in any unconstitutional conduct.  Because plaintiff has failed to exhaust most of his claims, fails to allege facts to state a claim for the sex offender program, and relies upon a theory of *respondeat superior* as to defendant Horn, the motion to dismiss will be granted.[6]  Based on the closure of this action, Coombs' pending motions will be dismissed accordingly.

---

6.    Even if plaintiff had exhausted all of his claims, most of his claims would have been summarily dismissed pursuant to §1915(e)(2) as legally frivolous or lacking in merit.

## II. Discussion

### A. Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *ALA, Inc. v. CCAIR, Inc.* 29 F.3d 855, 859 (3d Cir. 1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.*

In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent Enters., Inc. v.*

*Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). This court will now discuss defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## A. Exhaustion

The PLRA provides that "no action shall be brought with respect to prior conditions under section 1983 . . . , by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). In *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000), the Third Circuit held that this provision is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action. The United States Supreme Court, in *Booth v. Churner*, 121 S.Ct. 1819 (2001), held that the PLRA "requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action." *See also Irwin v. Hawk*, 40 F.3d 347, 348 (11th Cir. 1994) ("When Congress prescribes an administrative remedy, application of the exhaustion requirement is not a matter of judicial discretion."). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. §1983 or any other federal law.

Defendants assert that plaintiff only exhausted his administrative remedies for the claims involving the sex offender therapy program and the obstruction of his legal mail. (Doc. 13, p. 4.) Defendants point to statements in plaintiff's complaint which suggests that Coombs' has in fact not exhausted all of his claims. In his complaint, plaintiff responds both "yes" and "no" as to whether a grievance procedure is available at his institution and notes, "[t]his depends on whether they file or reject a grievance. If grievance is rejected, procedure is unavailable."[7] (Doc. 1, p. 1.) Furthermore, plaintiff states in his complaint, "All issues grieved, have been stated as such, in complaint. Have filed numerous grievances, have all records." (Doc. 1, p. 1.) In his response to defendants' motion to dismiss, Coombs submitted several documents (Doc. 17, ex. A-G) which appear to be the "records" Coombs referenced

---

7 .    The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective October 20, 1994). With certain exceptions not applicable here, DC-ADM 804 provides for an administrative review of institutional grievances. A grievance is a complaint submitted by an inmate related to a problem encountered during the course of confinement. DC-ADM 804 provides that an inmate may submit a written grievance to the prison's Grievance Coordinator. An appeal from the decision of the Grievance Coordinator may be made in writing to the prison superintendent, and a final written appeal may be presented to the Chief Hearing Examiner for the Department of Corrections. This was the policy in place at the time of plaintiff's alleged injuries. DC-ADM 804 has since been amended effective January 1, 2001. As of January 1, 2001, all inmates under the jurisdiction of the Department who have been personally affected by a Department or institution action or policy are permitted to file a grievance, to file an appeal to the facility manager from the initial grievance review, and to file a final appeal of the grievance decision to the Secretary's Office of Inmate Grievances and Appeals.

in his complaint. The court will thus construe the exhibits to be a supplement to his complaint.[8]

   Although the Third Circuit has not yet had occasion to decide that inmates must prove their exhaustion of administrative remedies as a *pre-condition* to filing a lawsuit, other circuits have addressed this issue and found that the PLRA has made exhaustion a pre-condition to suit. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) *cert. denied* 525 U.S. 833 (1998)(emphasis added)(In light of the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, . . . prisoners filing §1983 cases . . . must allege and show they have exhausted all available state administrative remedies by attaching to their §1983 complaint the administrative decision.) In *Nyhuis*, the Third Circuit rejected the narrow futility exception recognized by sister circuits as a basis for not exhausting available state administrative remedies. *Nyhuis*, 204 F.3d at 71-78. Furthermore, in *Booth*, the

---

8.  If defendants had attached documents outside of the pleadings to their motion to dismiss, the court would have treated the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *see also Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000). The purpose of this conversion is to provide the non-moving party to attach its own affidavits or other materials in opposition to the motion before it is converted. That is not the scenario before this court. The moving party did not attach materials outside the pleadings but instead pointed towards plaintiff's inconsistencies within his own pleadings to show that Coombs' has not properly alleged full exhaustion of most of his claims. Accordingly, it is not necessary to construe the motion to dismiss as a motion for summary judgment.

Third Circuit noted that although Booth "had taken the first step in the process," he "*made no showing* that he had taken the second and third steps . . . ." *Booth v. Churner*, 206 F.3d 289, 292 (3d Cir. 2000), *aff'd*, 121 S.Ct. 1819 (2001)(emphasis added).

As to plaintiff's "record" of exhaustion, Exhibit A consists of a letter acknowledging final review of a single grievance, No. ROC-0117-99; however, plaintiff did not attach a copy of the grievance or initial response by the grievance coordinator, so the court cannot determine if the submitted final review actually pertained to any of the claims raised in Coombs' complaint. The only other document stating plaintiff had fully exhausted addressed a misconduct he received for contacting the victim's family. (*Id.*, Ex. G.) The remaining exhibits consist of an inmate request form (Ex. D), a response to a letter not a grievance (Ex. C), and rejection forms from the Central Office instructing plaintiff as to what steps he needed to take to file a proper grievance or appeal. (Ex. E and F). Coombs' documents in support of exhaustion reveal his misunderstanding of availability as well as futility, and his failure to exhaust the administrative remedies that are available to him.

Based on plaintiff's own pleadings and record of exhaustion, Coombs has failed to allege and show that he has exhausted all available state administrative

remedies on his claims. Defendants do not contest the exhaustion issue as to the sex offender program and obstruction of mail issues. Accordingly, defendants' motion to dismiss will be granted as to all of the claims except the sex offender program and legal mail claims for failure to exhaust his administrative remedies.

### B. Sex Offender Program claim

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." The Supreme Court has explained that this constitutional guarantee "not only permits a person to refuse to testify against himself at a criminal trial . . . , but also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him in future criminal proceedings.' " *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984)(*quoting Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

Courts have held that incarcerated sex offenders' reduced likelihood of parole for refusing to participate in a prison's sex offender program does not constitute a "penalty" sufficient to compel incriminating speech, especially when the offenders could choose not to participate in the program. *See, e.g. Ainsworth v. Risley*, 244 F.3d 209 (1st Cir. 2001). Even if the sex offender program constituted an official proceeding, plaintiff's admission to the crime of rape would not be protected by the

Fifth Amendment since plaintiff admits in his complaint that he was convicted of rape. Therefore, plaintiff would not be making an admission to an act which would result in future prosecutions. It is well established that once a witness has been convicted for the transactions in question, he is no longer able to claim the privilege of the Fifth Amendment and may be compelled to testify. *United States v. Frierson*, 945 F.2d 650, 662 n.7 (3d Cir. 1991)(*citing Reina v. United States*, 364 U.S. 507 (1960)). Therefore, plaintiff has failed to properly allege that defendants are in violation of the Fifth Amendment.

Even if plaintiff was denied parole as a result of his decision not to participate in the sex offenders therapy program, this denial would not amount to a constitutional violation on the part of the defendants. A plaintiff, in order to state a viable §1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Furthermore, the Pennsylvania parole statute does not create a

liberty interest in the right to be paroled. *Rodgers v. Parole Agent SCI- Frackville, Wech*, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); *McCrery v. Mark*, 823 F. Supp. 288, 294 (E.D. Pa. 1993); *Wright v. Cuyler*, 517 F. Supp. 637 (E.D. Pa. 1981).

Furthermore, the Pennsylvania Probation and Parole Board ("Board") is the sole determiner whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Commw. Ct. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison."); *Carter v. Muller*, 45 F. Supp.2d 453, 457 (E.D. Pa., 1999) *quoting* 61 Pa. Cons. Stat. § 331.19 ("considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee."); *see also Weaver v. Pennsylvania Bd. of Probation and Parole*, 688 A.2d 766, 775 (Pa. Commw. Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole . . . is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole"). The named defendants are employees of the Department of Corrections ("DOC"), not the Board of Probation and Parole,

13

and, therefore, cannot deny plaintiff's parole for his failure to participate in the program.

To the extent that the plaintiff disagrees with any possible negative evaluation made by the institution to the Board, the Court of Appeals for the Fourth Circuit in *Paine V. Baker*, 595 F.2d 197, 201 (4th Cir. 1979), *cert. denied*, 444 U.S. 925 (1979), held that a prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. The Court noted that "federal courts will not oversee the discretionary decisions of prison administrators and second-guess their evaluations." *Id.* This court finds the *Paine* decision persuasive and finds that any disagreement Coombs may have with recommendations made by the DOC does not amount to a constitutional claim against defendants. Accordingly, plaintiff fails to state a claim regarding the sex offender program and defendants' motion to dismiss is granted as to this claim.

**C. *Respondeat Superior***

Coombs' allegations against defendant Horn are premised solely on a theory of *respondeat superior* and, thus subject to dismissal. Claims brought under §1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or

14

occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976);

*Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained

in *Rode*:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs. . . . [P]ersonal involvement
> can be shown through allegations of personal direction or of actual
> knowledge and acquiescence. Allegations of participation or
> actual knowledge and acquiescence, however, must be made with
> appropriate particularity.

*Rode*, 845 F.2d at 1207.

An application of the above standards to Coombs' complaint clearly shows

that he has failed to set forth a cognizable claim against defendant Horn. Plaintiff's

complaint, with respect to Horn, does not state with appropriate particularity any

personal knowledge or acquiescence on his part. Plaintiff merely offers conclusory

statements as is evident by "Count VIII" in his complaint.[9] Thus, since it is apparent

that plaintiff is attempting to establish liability against Horn solely on the basis of his

supervisory capacity, he is likewise entitled to an entry of dismissal and defendants'

motion to dismiss will be granted as to defendant Horn.

---

9 .    In Count VIII, plaintiff states that Horn "has failed to properly train, supervise, or control his
employees in following the law, and the U.S. Constitution . . . ." (Doc. 1, p. 9.)

### E.  Mail Interference claim

The district court in *Argentine v. McGinnis*, 311 F. Supp. 134, 137 (S.D. N.Y. 1969), ruled that a complaint alleging the delay in mailing legal correspondence and the refusal to mail a personal letter could be dismissed as frivolous pursuant to Section 1915(d).  The *Argentine* court even approved of the intentional disruption of the postal process for inmates.  The court stated that "the regulation of inmates' mail by state prison officials . . . is a matter of internal prison administration with which this court will not interfere, absent a showing of a resultant denial of access to the courts or of some other basic right retained by a prisoner."  *Id.; see also Haston v. Galetka*, 799 F. Supp. 1129, 1132 (D. Utah 1992)(providing that "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Castellanos v. Gomez*, 1998 U.S. Dist. LEXIS 14264 (N.D. Ca.)(holding that isolated delays or some other relatively short-term, non- content based disruption in mail delivery not enough to support a First Amendment claim).

Assuming the plaintiff's allegation is accurate, Coombs' conclusion that recipients of his letters failure to respond demonstrates that defendants are not forwarding his mail is speculative at best and does not implicate a deprivation that

§ 1983 was intended to address. Furthermore, as to his allegation that his mail is being opened and documents are missing, plaintiff fails to allege what documents are actually missing and what, if any, actual injury or harm he may have suffered.

Section 1915(e)(2), which was created by § 804 (a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, this court will *sua sponte* dismiss plaintiff's mail interference claim as frivolous pursuant to § 1915(e)(2).

### F. Motions

Also pending before this court are motions filed by plaintiff. As to plaintiff's motion to strike answer filed by defendants as non-responsive (Doc. 16), said motion will be dismissed as moot because defendants have not filed an answer. Because the case is terminated, plaintiff's motion to compel discovery (Doc. 15) will be dismissed as moot. Plaintiff's motion to reply (Doc. 20) is a document requesting an opportunity to respond to defendants' reply brief in support of their motion to dismiss. The document then addresses on the merits defendants' reply brief. The motion will be construed as a supplement to his brief in opposition to defendants' motion to dismiss and was taken into consideration by this court.

Lastly, plaintiff's motion for a temporary restraining order (Doc. 21) will be denied. As part of discovery, defendants provided plaintiff with a document in which defendant Dragovich instructed personnel at SCI-Camphill to monitor Coombs' non-privileged outgoing mail for the address of plaintiff's victim and her family. (Doc. 23.) Dragovich had previously ordered plaintiff to cease his attempts to contact the victim of his crime of rape. (*Id.*) Plaintiff is seeking a temporary restraining order compelling Dragovich to cease monitoring of non-privileged outgoing mail and to return mail items allegedly removed from outgoing mail. (Doc. 21.)

In order to obtain a temporary restraining order, it must clearly appear from the facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant. Fed. R. Civ. P. 65(b). Plaintiff is essentially raising his mail interference claim in this motion. Plaintiff has failed to allege or show that immediate and irreparable injury, loss or damage will result to him, and his motion for a temporary restraining order will be denied as well.

## III. Conclusion

Defendants' motion to dismiss will be granted. The only remaining claim, obstruction of his legal mail, will be summarily dismissed as frivolous pursuant to § 1915(e)(2). Plaintiff's motion to reply will be construed as a supplemental brief to his brief in opposition to defendants' motion to dismiss. Plaintiff's remaining motions will be dismissed or denied accordingly. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: September 26, 2001.

19

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS,                   :
                                     :
            Plaintiff                :    CIVIL ACTION NO. 1:CV-01-0247
                                     :
      v.                             :
                                     :
ROBERT W. MYERS, *et al.*,           :    (Judge Rambo)     FILED
                                     :                      HARRISBURG, PA
            Defendants               :                      SEP 2 6 2001

                          **ORDER**                   MARY E. D'ANDREA, CLERK
                                                      PER _____ DEPUTY CLERK

      In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

      1)  Defendants' motion to dismiss (Doc. 12) is **GRANTED**.[10]

      2)  Plaintiff's remaining claim, obstruction of mail, is **DISMISSED** *sua*

*sponte* pursuant to § 1915(e)(2).

      3)  Plaintiff's motion to compel (Doc. 15) is **DISMISSED** as moot.

      4)  Plaintiff's motion to strike answer filed by defendants as non-responsive

(Doc. 16) is **DISMISSED** as moot because defendants' have not filed an answer.

      5)  Plaintiff's motion to reply (Doc. 20) is construed as a supplemental brief

to his brief in opposition (Doc. 17) to defendants' motion to dismiss.

---

10.    The dismissal of this action does not relieve plaintiff of the obligation to pay the full filing
fee.  Until the filing fee is paid in full, the Administrative Order previously issued is binding on the
superintendent of SCI-Camphill, as well as the warden or superintendent of any correctional facility
to which Coombs is transferred.

6)  Plaintiff's order to show cause and motion for temporary restraining order (Doc. 21) is **DENIED**.

7)  The Clerk of Court is directed to close the case.

8)  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

SYLVIA RAMBO
United States District Judge

Dated:    September    26, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 26, 2001

Re:  1:01-cv-00247    Coombs v. Myers

True and correct copies of the attached were mailed by the clerk
to the following:

        Derrick R. Coombs
        SCI-CH
        CT-1800
        P.O. Box 200
        Camp Hill, PA  17001

        Patrick S. Cawley, Esq.
        Office of Attorney General
        15th Floor, Strawberry Square
        Harrisburg, PA  17120

cc:                                              PJHS
Judge                        ( )         ( ) Pro Se Law Clerk
Magistrate Judge             ( )         ( ) INS
U.S. Marshal                 ( )         ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                   to: US Atty Gen    ( )  PA Atty Gen ( )
                                       DA of County   ( )  Respondents ( )

Bankruptcy Court             ( )
Other_____       ( )

                                          MARY E. D'ANDREA, Clerk

DATE: _____9/26/01_____                    BY: _____/s/ T.H._____
                                           Deputy Clerk