28
10-19-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS,                :
                                  :
        Plaintiff                 :     CIVIL ACTION NO. 1:CV-01-0247
                                  :
    v.                            :
                                  :
ROBERT W. MYERS, et al.,          :     (Judge Rambo)
                                  :
        Defendants                :

FILED
HARRISBURG, PA
OCT 18 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

MEMORANDUM AND O R D E R

On February 7, 2001, Plaintiff Derrick Coombs, an inmate at the State Correctional Institution at Camphill, Pennsylvania ("SCI-Camphill"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On September 26, 2001, this court granted Defendants' motion to dismiss and dismissed the remaining claim, *sua sponte*, as frivolous pursuant to § 1915(e)(2). Plaintiff now files the instant motion for reconsideration (Doc. 27) of his complaint. Because this court finds that Coombs has failed to provide the evidence required for a successful motion for reconsideration under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff's motion will be denied.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered

precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion for reconsideration, Coombs fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claims merit reconsideration. Plaintiff merely wants this court to rethink its earlier decision. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made).

2

Accordingly, because Plaintiff has not satisfied the requirements for a successful motion for reconsideration under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT the motion for reconsideration (Doc. 27) is **denied**.

                                                         SYLVIA H. RAMBO
                                                       United States District Judge

Dated: October 18, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:01-cv-00247    Coombs v. Myers

True and correct copies of the attached were mailed by the clerk to the following:

```
Derrick R. Coombs
SCI-CH
CT-1800
P.O. Box 200
Camp Hill, PA  17001

Patrick S. Cawley, Esq.
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120
```

```
cc:
Judge                          (X )       (X ) Pro Se Law Clerk
Magistrate Judge               ( )        ( ) INS
U.S. Marshal                   ( )        ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Standard Order 93-5            ( )
Bankruptcy Court               ( )
Other_____   ( )
```

MARY E. D'ANDREA, Clerk

DATE: October 18th, 2001                BY: _____
                                            Deputy Clerk