

OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4920

www.ca3.uscourts.gov

November 27, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 01-4192**
**Coombs  vs. Myers**
**D. C. CIV. No. 01-cv-00247**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

(X) We return herewith the certified record in the case(s).

( ) We release herewith the certified list in lieu of the record.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Susan Acerba/CRG
Susan Acerba
Case Manager

Enclosure

cc:
  Mr. Derrick R. Coombs
  Patrick S. Cawley, Esq.

cc: Judge Rambo, PrSI+CHunter

BPS-294

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-4192

DERRICK R. COOMBS,
Appellant

v.

ROBERT W. MYERS; MARTIN L. DRAGOVICH;
HARVEY BELL; MARTIN F. HORN

FILED
HARRISBURG, PA
DEC 0 4 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00247)
District Judge: Honorable Sylvia H. Rambo

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
SEPTEMBER 26, 2002
Before: ALITO, MCKEE AND ALDISERT, Circuit Judges

**JUDGMENT**

This case came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(B). On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the appeal is dismissed under 28 U.S.C. §1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

*[signature]*

Clerk

DATED: November 5, 2002

NO. 01-4192

Coombs,
       Appellant

v.

Myers, et al.

Pg. 2

**Certified as a true copy an issued in lieu
of a formal mandate on November 27, 2002**

Teste: *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**

cc: Judge Rambo
PSI Chunter

BPS-294    **UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-4192

---

DERRICK R. COOMBS,
Appellant

v.

ROBERT W. MYERS; MARTIN L. DRAGOVICH;
HARVEY BELL; MARTIN F. HORN

FILED
HARRISBURG, PA
DEC 0 4 2002
MARY E. D'ANDREA, CLERK
Per _____
     Deputy Clerk

---

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00247)
District Judge: Honorable Sylvia H. Rambo

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
SEPTEMBER 26, 2002
Before:    ALITO, MCKEE AND ALDISERT, <u>Circuit Judges</u>.

(Filed      November 5, 2002      )

---

OPINION

---

PER CURIAM

In February 2001 Derrick R. Coombs, a prisoner at SCI Camp Hill, filed a civil rights complaint in which he alleges that he was transferred to SCI Rockview while his "writ/appeal" was pending without the required court order in violation of Fed. R. App. P.

23(a); that although he was not "sentenced to labor" he has been forced by the defendants to perform "involuntary servitude, under threat of punishment, and as a result has suffered severe bodily injury in the form of "extreme rupture" that has left him incapacitated "and at documented risk of death;" that this was done in retaliation against his exercising his right to access the courts; that he was illegally extradited from his home state; that he has been placed in disciplinary custody for "refusing to go risk his life;" that he was switched from minimum custody honor status to maximum custody status, transferred to SCI Camp Hill and charged $42 to ship his property in retaliation for his "seeking judicial or legislative remedy, to this injured condition;" that the defendants have thwarted his attempts to telephone his family in violation of RICO; that the defendants prevented him from receiving court orders with regard to his state habeas corpus petition "with the intent to obstruct justice, and deprive plaintiff of right to appeal, and access courts;" that defendant Bell has refused to process his pardon application; that he has been unconstitutionally denied counsel and forced to represent himself on direct appeal (evidently within the context of prison disciplinary and/or grievance proceedings); that defendant Dragovich told Coombs' minister that "he is not to help me in this fashion;" that unless he gives a "phony and fraudulent" confession in order to participate in a sex offender program he will never be eligible for parole; that forcing him to make such a false confession would violate his religious principles and thus violate his First Amendment rights; and that defendant Horn has failed to properly train, supervise and

2

control his employees with regard to the above matters. He alleges that his although he exhausted the grievance process with regard to some of his claims, other grievances have been "ignored/denied, and throughly appealed, throughout." Coombs seeks injunctive and declaratory relief as well as damages. In a subsequent amendment Coombs alleges that numerous letters he has sent to investigators and news media have gone unanswered, from which Coombs infers that the defendants have been tampering with his outgoing mail, and that incoming mail has been opened and/or gone missing.

The defendants filed a motion to dismiss, arguing that Coombs had failed to exhaust all but two of his claims and that the remaining two claims lack merit. The District Court agreed that Coombs has not exhausted most of his claims; documents he filed in response to the defendants' motion merely "reveal his misunderstanding of availability as well as futility, and his failure to exhaust the administrative remedies that are available to him." Opinion at 10.

The court concluded that only two of Coombs' claims survived: those regarding the sex offender program and his legal mail. The court found no merit in the former because reduced likelihood of parole as a consequence of refusal to participate does not constitute a penalty sufficient to compel incriminating speech. Even if it were, Coombs was found guilty of rape, so that his admission of the crime of rape is not protected by the Fifth Amendment – he would not be making an admission to an act which could result in future prosecution. United States v. Frierson, 945 F.2d 650, 662 n.7 (3d Cir. 1991).

3

Moreover, denial of parole as a result of not participating in the program is not a constitutional violation because there is no constitutional right to parole and the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Besides, parole decisions are made by the Parole Board; *the named defendants* cannot deny Coombs parole for failure to participate.

Next, the District Court concluded that the allegations against defendant Horn should be dismissed because they are premised exclusively on *respondeat superior*: Coombs has not alleged with appropriate particularity any personal knowledge or acquiescence on Horn's part.

Finally, the District Court found no merit in Coombs' allegations concerning the defendants' alleged failure to deliver his mail because his assumption that the failure of the addressees to respond demonstrates interference by the defendants is "speculative at best." Opinion at 16. As for damage to his incoming mail, Coombs has not alleged which documents are missing and what, if any, actual harm he has suffered as a result.

Accordingly, the District Court granted the defendants' motion and dismissed the complaint. The court later denied Coombs' motion for reconsideration. This timely appeal followed.

I

We agree with the District Court's reasoning. In addition, we note that to the extent that Coombs seeks recovery based on an actual denial of parole based on his non-

4